WILLIAM EARL BOLES *v.* STATE OF INDIANA.

[No. 1-874A122. Filed February 11, 1975.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Douglas W. Meyer,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Boles was charged by information in two counts with burglary in the second degree and fleeing from a police officer. After trial by jury, Boles was found guilty on each count, and this appeal followed.

The sole contention of error preserved for review concerns various rulings by the trial court as to the admissibility of evidence of Boles' flight from police officers on three separate occasions subsequent to the date of the offenses charged.

At about 5:30 A.M. on July 23, 1973, police officers William Brown and Allen Byers responded to a call concerning a possible burglary in progress at the Evansville Elks Lodge. Upon arrival at the scene, the officers observed a broken window and heard voices inside the lodge. Brown entered through the window and discovered that a cigarette machine had been broken into, a liquor cabinet rifled, and the alarm system wires cut. While attempting to locate a door to admit other officers Brown, after identifying himself as a police officer, was attacked by an assailant brandishing a "knife-like" object. After subduing the assailant, Brown handcuffed him, led him downstairs to a lighted area, laid him face down on the floor, placed a table and part of a cigarette machine on top of him, and instructed him not to move. Brown then left to pursue other possible suspects in the building. About four or five minutes later, Brown returned to find his assailant missing.

About a day and a half later, Brown positively identified Boles as his assailant from a photograph in the police department's record room. Shortly thereafter, informations were filed setting forth the offenses upon which Boles was ultimately tried and convicted.

On August 14, 1973, Evansville Police Officer Joseph Reed attempted to arrest Boles pursuant to the second degree burglary warrant, but was unsuccessful due to the defendant's flight. While Officer Reed did not inform the defendant that he was being arrested for burglary at the Elks Lodge, he did inform him that he was under arrest. Police Officer Frank Wilkins attempted to arrest the defendant in October of 1973, pursuant to the burglary warrant, but was unsuccessful due to the defendant's flight. While Officer Wilkins did not inform the defendant of the arrest warrant, he did identify himself as a police officer. Officer Edward Bierderwolf attempted to apprehend the defendant on October 31, 1973, but was unsuccessful due to the defendant's flight. While Officer Bierderwolf did not have a warrant in his possession, he did identify himself as a police officer and ordered the defendant to stop. Officers Daryl Merle and Jerry Paddock responded to Officer Bierderwolf's call for assistance. From an alley in the area in which Boles had disappeared, the officers heard the sound of breaking glass. Shortly thereafter, they discovered Boles hiding under a bed in an occupied apartment. Boles had gained access to the apartment by breaking a window, unlocking a door, and entering without the consent of the occupants.

## I.

Appellant vigorously objected to the admission during the State's case of evidence of his attempts to avoid arrest occurring subsequent to the date of the crimes for which he was being tried. He contends that this evidence tends to prove the commission of subsequent independent crimes, being burglary and fleeing from a police officer, and therefore falls within the general rule excluding proof of a criminal act to

establish another distinct crime. Application of the rule is found in the cases relied upon by appellant, *Layton* v. *State* (1966), 248 Ind. 52, 221 N.E.2d 881 and *Duvose* v. *State* (1971), 257 Ind. 450, 275 N.E.2d 536. However, as those decisions aptly point out, certain well defined exceptions to the general rule are recognized. Moreover, while each of these decisions resulted in reversal due to the failure of the items of challenged evidence to qualify under any of the recognized exceptions to the rule, neither is factually relevant to our analysis in the case at bar.

Evidence of conduct which tends to show the commission of other crimes by the defendant may be relevant as tending to prove guilty knowledge of the crime charged. *Vandeveer* v. *State* (1971), 256 Ind. 509, 269 N.E.2d 865; *Meeks* v. *State* (1968), 249 Ind. 659, 234 N.E. 2d 629. Thus, among the exceptions to the general exclusionary rule is evidence of criminal conduct constituting admissions by conduct, intended to obstruct justice or avoid punishment for the crime charged. See *McCormick, Evidence* § 190 (2d Ed. 1972).

That flight or avoidance of arrest is admissible as evidence of guilty knowledge cannot be doubted. See, *Atkins* v. *State* (1974), 159 Ind. App. 387, 307 N.E.2d 73; *Haynes* v. *State* (1973), 155 Ind. App. 472, 293 N.E.2d 204; *Miller* v. *State* (1972), 153 Ind. App. 54, 285 N.E.2d 843; *Robinson* v. *State* (1971), 257 Ind. 38, 271 N.E.2d 727; *Pierce* v. *State* (1970), 253 Ind. 650, 256 N.E.2d 557; Also see, *McCormick, Evidence* § 271 (2d Ed. 1972); II *Wigmore, Evidence* § 276(4) (3d Ed. 1940). However, Boles asserts that his conduct on occasions subsequent to the date of the crimes charged was too remote in time and place to show guilty knowledge. We cannot agree. On none of the three occasions did Boles appear to be engaged in other criminal conduct. During each encounter, Boles fled the moment it became apparent that the officer's attention was directed toward him. Despite Boles' assertions to the contrary, the evidence supports an inference that his conduct was motivated by a

desire to avoid arrest for the burglary charged. The evidence was therefore relevant as tending to show guilty knowledge.

Appellant emphasizes the possible prejudicial influence which evidence tending to prove separate crimes might have upon the jury. Generally speaking, however, where the evidence logically tends to prove a material fact, the interest of the State in arriving at the truth will prevail over the undesirable tendency to prejudice. See, *Lawrence* v. *State* (1972), 259 Ind. 306, 286 N.E.2d 830. We envision that in a given case, the admission of relevant evidence might constitute error if of minimal probative value and, at the same time, very likely to induce the jury to arrive at a decision based upon improper considerations. However, balancing probative value against such factors as undue prejudice in determining the admissibility of evidence is a function committed largely to the discretion of the trial judge. We find no abuse of discretion in the admission of the challenged evidence in the case at bar.

## II.

During redirect examination of Edward Biederwolf the police officer from whom Boles fled on the day of his capture, October 31, 1973, the State elicited the following testimony:

"Q. Officer, why did you shoot at the defendant?
A. He was a felon, he was fleeing, and I ordered him to stop and I identified myself; he also ran several times in the past, to my knowledge."

We find no error in the admission of this testimony. The reference to flight on prior occasions logically relates only to the previous relevant instances upon which testimony had already been admitted.

## III.

Boles also assigns as error the testimony of the original arresting officer that he identified Boles from a photograph

contained in the police record room. Appellant having failed to preserve this issue in his motion to correct errors, it must now be deemed waived. Ind. Rules of Procedure, Trial Rule 59(G); *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827.

No reversible error having been demonstrated, appellant's conviction must be affirmed.

Robertson, C.J. and Lowdermilk, J. concur.