**Timothy JAYNES, Defendant-Appellant,**

**v.**

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–481A152.**

Court of Appeals of Indiana,
First District.

July 8, 1982.

---

Susan K. Carpenter, Public Defender, M. E. Tuke, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Timothy Jaynes appeals from a judgment revoking his probation and ordering him to serve the remainder of the sentence. We previously remanded this case to the trial court for a statement of the trial court's reasons and the evidence relied upon for revoking probation.[1] Having been supplied with such a statement, we now determine the issue of the sufficiency of the evidence to support the judgment of revocation. We affirm.

## FACTS

Jaynes was sentenced on August 27, 1979, to the Indiana Department of Correction for a term of forty (40) months upon his plea of guilty to attempted theft. On December 12, 1979, pursuant to Ind.Code § 35–4.1–4–18, the court modified Jaynes's sentence by suspending further execution thereof and placing him on "shock probation" for a period of one (1) year. No terms or conditions of probation were specified in the order. On November 6, 1980, a petition for revocation of probation was filed alleging that Jaynes, on August 12, 1980, had committed the crimes of attempted arson and theft. The court heard the petition on December 10, 1980, and revoked Jaynes's probation. The court's reasons for this action and the evidence relied upon, as shown by the statement filed in response to our remand, *inter alia*, are:

"2. The Jackson County Probation Officer on November 6, 1980, while Mr. Jaynes probation was still active, filed a petition to revoke his 'shock probation' listing as one reason that on August 12, 1980, Mr. Jaynes violated the terms of his 'shock probation' by exerting unauthorized control over the property of Curt W. Hostettler, to-wit: a light blue with black top 1973 Dodge automobile, which case was filed by the Jackson County Prosecuting Attorney as theft in our cause number 80 CR 131.

1. *Jaynes v. State*, (1982) Ind.App., 434 N.E.2d 923.

3. The evidence in the revocation hearing was that Jerry McElfresh, an employee of Vic's Liquor Store in Seymour, Indiana, on August 12, 1980, saw Timothy Jaynes in a light blue with dark vinyl top Dodge automobile. Timothy Jaynes was well known to Jerry McElfresh and Mr. McElfresh stated that Timothy Jaynes was the driver of the car bearing the license number with the last four digits being 8609. Mr. McElfresh knew at the time that the car was stolen and reported the same to the police. Also present in the car at that time in the passenger's side of the vehicle was Duane Decker.

4. Police Officer George Spray of the Seymour Police testified that on that day he entered into the NCIC a description of a stolen vehicle complaint, that being a light blue '73 Dodge with license plate 93 D 8609 owned by one Darlene Hostettler of 8608 W. Washington Street, Indianapolis, Indiana. She or someone, (the record is unclear) had reported the theft to the Seymour Police Department at 5:02 p.m. that day. The car was stolen from a parking lot in the 100 block of East Second Street in Seymour, Indiana. Officer Spray further testified that he located the car on Vine Street in Seymour later that night.

5. Seymour Police Detective John Reinhart, Jr. testified that while he was processing the stolen vehicle at 11:30 P.M. that night on Vine Street in Seymour, Indiana, one Timothy Jaynes came up to the same black vinyl over light blue Dodge and asked Officer Reinhart what he was doing. Officer Reinhart told Jaynes and Jaynes then left. Jaynes was also well known to Officer Reinhart. Officer Reinhart testified that he dusted the vehicle for prints and matched a shoe print 'similar in design' to that of the shoe being worn at that time by Timothy Jaynes. The Court then determined that Timothy Jaynes had committed an act of theft while on probation."

2. West's AIC 35–7–1–1 provides: "Sec. 1. Whenever it places a person on probation, the court shall specify in the record the conditions of the probation. The court may modify the

## ISSUE

Was the evidence presented at the revocation hearing sufficient to sustain the court's revocation of Jaynes's probation?

## DISCUSSION AND DECISION

■ Jaynes first argues there were no terms of probation provided in the order granting shock probation. In that assertion he is correct. The applicable statute requires the court to specify the conditions of probation; however, it also provides that probation may be revoked if the person commits another crime.[2] In addition, it has been held that good behavior or lawful conduct is a term or condition of a defendant's probation, violation of which may result in probation revocation. *Hoffa v. State,* (1977) 267 Ind. 133, 368 N.E.2d 250; *Shumaker v. State,* (1982) Ind.App., 431 N.E.2d 862 (transfer pending). Although the better practice would be to provide specifically, as a condition of probation, that the probationer should not commit an additional crime, it is not necessary to do so. Such a condition is automatically a condition of probation by operation of law without a specific provision to that effect. West's AIC 35–7–1–1; *Hoffa.* As stated in Commentary by Bobby Jay Small to West's AIC 35–7–2–2 at page 613: "This section should be read in conjunction with IC 35–7–1–1 which provides that '[i]f the person commits an additional crime, the court may revoke the probation.' It appears that the sentencing court need not include that condition with the other conditions of probation required by IC 35–7–2–1."

■ The burden of proof in probation revocation proceedings is upon the state to prove the violation of a condition of probation by a preponderance of the evidence. West's AIC 35–7–2–2(d); *Shumaker.* Neither is the state required to prove conviction of another crime. Rather, it is suffi-

conditions or terminate the probation at any time. If the person commits an additional crime, the court may revoke the probation."

cient, for probation revocation purposes, if the trial judge, after a hearing, finds that unlawful conduct occurred. *Hoffa; Shumaker.* Therefore, in this case, if there was sufficient proof to establish by a preponderance of the evidence that Jaynes committed another crime while on probation, the court's revocation of his probation must be affirmed.

■ We determine the sufficiency question here the same as we do any other sufficiency question. We consider only that evidence most favorable to the state, together with all reasonable inferences flowing therefrom, and if, from that vantage point, there is substantial evidence which supports the trial court's judgment, that judgment will not be disturbed. *Monroe v. State,* (1981) Ind.App., 419 N.E.2d 831. The trial court's statement of its reasons for revocation and the evidence supporting such determination clearly establishes sufficient evidence to support the court's finding that Jaynes had committed the offense of theft while on probation. Particularly is that true when that evidence is measured by the preponderance standard. Further, our review of the evidence presented at the revocation hearing supports the trial court's determination. Since the evidence was sufficient to sustain the trial court's determination that Jaynes committed theft while on probation, the court was justified in revoking his probation.[3]

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.

---

**3.** We agree there was no evidence to support the charge of arson alleged in the petition to revoke probation. However, the theft was alleged and proved, and that alone is sufficient grounds for probation revocation.

We also note that the trial court alluded to several matters not in evidence at the revocation hearing and not charged in the petition to revoke as additional grounds for revocation of probation. This was improper. Probation may be revoked only for violations of conditions of probation alleged in the petition and proved at the hearing. Since the commission of the additional crime of theft while on probation, a violation of the terms of probation, was alleged and proved, revocation may be sustained on that ground alone. Consequently, the statements of the court concerning such other reasons, not in evidence, are surplusage.