**David Lamont BOYD, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 1-485 A 103.**

Court of Appeals of Indiana,
First District.

Aug. 20, 1985.

David O. Kelley, Boonville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

The appellant, David Boyd, (Boyd) appeals the order of the Warrick Circuit Court, revoking his probation and ordering Boyd to serve the balance of the original fifteen-year sentence following his robbery conviction of December 20, 1979. The trial court found that Boyd had committed a robbery, in violation of that condition of his probation that he refrain from committing another criminal offense during the term of his probation.

We affirm.

Boyd raises three errors for review:

1. Whether the trial court committed reversible error when it revoked Boyd's probation after the court failed to comply with the statutory guidelines for placing an offender on probation.

2. Whether the trial court properly revoked Boyd's probation upon a finding that Boyd had committed robbery absent a conviction of the offense.

3. Whether the trial court committed reversible error when it revoked Boyd's probation and ordered the original sentence executed, without benefit of a pre-sentence report.

ISSUE ONE:

Boyd argues the trial court wrongly revoked his probation because it committed error in two respects when it suspended his sentence and placed him on probation on March 9, 1984.

Two provisions of the code apply to this issue. IND.CODE § 35–38–2–2(b) states in part:

When a person is placed on probation, he shall be given a written statement of the conditions of his probation.

Also relevant is IND.CODE § 35–38–2–1(a) which provides:

Whenever it places a person on probation, the court shall specify in the record the conditions of the probation.

Boyd relies upon case authority in asserting that the court erred when it failed to read the conditions into the record and failed to provide the defendant the written statement of the terms of his probation *at the hearing.* *Disney v. State,* (1982) Ind. App., 441 N.E.2d 489.

We do not agree that the errors in the case at bar rise to the level of reversible error involved in *Disney,* and we distinguish *Disney* on its facts.

Disney pleaded guilty to rape, pursuant to a plea recommendation. Among other provisions, the recommendation specified a term of probation, during which time Disney was not to commit any offense. The trial court accepted the plea recommendation without any mention that Disney should pay restitution to the victim in the amount of $500. Almost a month after sentencing, Disney signed a copy of the order of probation containing a condition that Disney make restitution.

This court held that the trial court committed error when it failed to give Disney a written statement and read the conditions into the record at the sentencing. In addition, the court ordered that the restitution requirement be stricken from the probation order because the restitution requirement, by its nature a substantial obligation and part of the penalty, should have been included in Disney's plea agreement.

In the case before us, Boyd does not complain that an additional penalty was imposed a significant period of time after the probation hearing. A reading of the record reveals that, while the judge did not provide Boyd with the written terms and conditions at the hearing, Boyd signed and executed those terms on March 9, 1984, the same day as the hearing. Boyd attested that he had read the conditions and understood them, and also that he received a copy of the conditions, all on March 9, 1984.

Also, we observe that the trial court failed to read the conditions into the record at the time of the hearing. The probation agreement was filed with the court March 15, 1984, becoming part of the record on that date.

While the trial court clearly failed to follow the statutory guidelines, its failure to do so could not have prejudiced Boyd, where the error did not deprive Boyd of any fundamental right. Rather, we characterize as harmless error the trial court's failure to inform Boyd at the hearing that he must refrain from committing a criminal offense as a condition of his probation. ISSUE TWO:

Boyd also contends that his probation was wrongly revoked because the trial court had not found that he had been convicted of the crime of robbery during the period of his probation, an offense which Boyd admitted he committed.

The pertinent authority regarding conditions of probation is contained in IND. CODE § 35–38–2–1(a) (Supp.1984), which provides in part:

If the person commits an additional crime, the court may revoke the probation.

 A defendant's probation may be revoked even where the State has not convicted defendant of the additional crime by establishing his guilt beyond a reasonable doubt, or by entering defendant's plea of guilty. It is only necessary that the trial court find by a preponderance of the evidence that the defendant committed an additional offense. *Hoffa v. State,* (1977) 267 Ind. 133, 368 N.E.2d 250; *Brown v. State,* (1983) Ind.App., 458 N.E.2d 245; *Jaynes v. State,* (1982) Ind.App., 437 N.E.2d 137. The law clearly establishes that Boyd's revocation was not improper for lack of a conviction for the additional offense of robbery.

While conceding that the statute governing probation vests in the trial court discretion to revoke probation upon a finding that the defendant committed an additional crime, Boyd nevertheless argues that the written terms and conditions of his probation modified the statutorily-granted discretion of the trial court to revoke probation upon finding that the defendant committed an additional offense. We find this argument unpersuasive. Boyd focuses our attention on one condition:

 

"You must not commit another criminal offense during the term of your probation. If you are convicted of any criminal offense, your probation may be revoked after a hearing before the court."

We cannot indulge Boyd's restrictive interpretation of the condition. The second sentence upon which Boyd places emphasis merely vests in the trial court discretion to revoke probation upon defendant's conviction of an offense. It does not prevent the court from revoking probation for the mere commission of an offense which has been properly established by the State by a preponderance of the evidence.

■ Regardless whether we construe the express condition to mean that the defendant must be convicted of the additional crime, the condition that defendant refrain from criminal conduct is imposed by operation of law, even in absence of any express condition imposed by the court. *Jaynes, supra.*

It is well established under prior statutory authority, equally applicable under the present probation statute IND.CODE § 35–38–2–1 *et seq.*, that the trial court is authorized to revoke an offender's probation under two (2) circumstances:

1. When the defendant has violated the terms of his probation; or
2. When the defendant has been found guilty of committing another offense.

*Shumaker v. State,* (1982) Ind.App., 431 N.E.2d 862; *Jaynes, supra.* As previously noted, the State need only prove the probationer's guilt by a preponderance of the evidence.

We find that Boyd was subject to the statutorily imposed condition that he not commit an additional crime during probation, in addition to any other term or condition which Boyd agreed to obey.[1]

ISSUE THREE:

■ Boyd requests, in the alternative, that we remand to the lower court with instructions to prepare a pre-sentence report, and to re-sentence Boyd in light of the information contained in the report. While no pre-sentence report had been submitted for the sentencing following revocation of Boyd's probation, the record contains the pre-sentence report prepared for the sentencing on the original robbery conviction. That report was prepared pursuant to IND. CODE 35–38–1–8 (Supp.1984), which requires that before a judge may sentence a defendant convicted of a felony, a pre-sentence report must be prepared and considered by the sentencing court.

In the case before us, the court did not sentence Boyd anew for conviction of a felony. Rather, the court was acting pursuant to IND.CODE § 35–38–2–3(f) (Supp. 1984), which provides that:

> If the court finds that the person has violated a condition at any time before termination of the period, it may:
>
> . . . . .
>
> (2) order execution of the sentence that was suspended at the time of initial sentencing.

The statute does not require that the probation officer conduct a pre-sentence investigation, nor does it require the court to consider a pre-sentence report. We find no authority which mandates a second pre-sentence report when the judge orders the probationer's original sentence be executed. Therefore, the trial court did not err in failing to consider a new pre-sentence report.

Judgment of the trial court is affirmed.

RATLIFF, P.J., and NEAL, J., concur.

---

■

---

**1.** We note that Boyd also agreed to obey all town, city, state, county and federal laws and ordinances. Boyd admitted committing a robbery during the time he was on probation, the elements of which are set out at IND.CODE 35–42–5–1. In addition, the court required that Boyd not be guilty of any acts of bad conduct of any kind or character. Patently, the act of robbery would be proscribed under this condition. The trial court could have revoked Boyd's probation pursuant to either of the foregoing conditions.