Dennis PETERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S464.

Supreme Court of Indiana.

Nov. 20, 1985.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Dennis Peterson was convicted in the Allen Circuit Court at the conclusion of a jury trial on April 12, 1984 of burglary, a class A felony. On May 14, 1984 the trial court sentenced him to fifty (50) years. He now directly appeals his conviction and raises the following issues:

1. whether the trial court erred in denying Appellant's motion to suppress identification evidence and overruling his objection to identification testimony at trial; and

2. whether the conviction was based on sufficient evidence.

After waking up to let her dog out, Elsie Jacox, the victim, closed and latched her outer screen door. While in the bathroom she heard a crash and tearing noise at the back door. She looked up and saw a man standing in her bathroom doorway. The man struck her face with a broom handle, threatened her, demanded money, took her purse, and fled. Jacox called the police and gave this initial description of her assailant:

"[A] Black man with very long hair; it was not bushy, it was in ringlets ... a fairly light colored man with a beard ... [A] light beige, brownish leather jacket, a white shirt and dark pants."

Investigating police officers followed a trail of Jacox's personal belongings which were stolen and abandoned. The trail led to the Tennessee Avenue bridge. A citizen who had heard a description of the assailant notified the police that he had seen a man fitting that description crossing the Tennessee Avenue bridge. As the police crossed the bridge they encountered Appellant, who matched Jacox's description. This occurred approximately one-quarter (¼) mile from Jacox's house, and the officers had seen no other persons in the area. On the way to the hospital with the victim, the ambulance stopped at the bridge. Jacox positively identified Appellant from the back door of the ambulance at a distance of three to four (3–4) feet.

## I

 Appellant claims the trial court erred in denying his motion to suppress the identification evidence and overruling his objection to the identification testimony at trial. Appellant concedes that a confrontation immediately after the crime is not *per se* improper, even if the accused is the only suspect present. *Hill v. State* (1982), Ind., 442 N.E.2d 1049, 1052. However, Appellant maintains the confrontation at issue was so suggestive as to promote misidentification and violate his constitutional right to due process, warranting suppression. *Allen v. State* (1981), Ind., 428 N.E.2d 1237, 1239. In support of his claim Appellant argues Jacox did not get a very good look at him, he was a quarter mile from the scene of the crime when apprehended, he was not out of breath, he was not fleeing, he took no actions that might be viewed as suspicious, his hands and knuckles were not injured or damaged, no fruits of the crime were found on his person, the victim could not see well enough to identify him, and he was the only person at the confrontation who was not in a police uniform.

Of all of these arguments in support of Appellant's position, only the last actually addresses whether or not the identification was overly suggestive. All else goes to the weight and credibility of the identification and are irrelevant to the present issue. In *Williams v. State* (1979), 271 Ind. 656, 660–661, 395 N.E.2d 239, 243, not only was the defendant the only suspect present at the confrontation, but he was also handcuffed and shackled. There we held the confrontation was not overly suggestive, noting the value of the witness' observing the suspect while the image of the offender is fresh in his mind. *Id.*

Furthermore, an independent basis may exist for a victim's in-court identification which would cure any taint due to allegedly suggestive identification procedures. *Johnson v. State* (1982), Ind., 432 N.E.2d 403, 405. In the present case the victim observed Appellant in her home after he broke in while he attacked her, and as he fled. She saw him well enough to give a detailed description of him and his clothes. She testified that she would always remember the face. There is sufficient basis here for an independent identification by the victim.

## II

 Appellant also claims his conviction was based on insufficient evidence, particularly of the element of breaking and entering. More generally, Appellant also argues there was insufficient evidence of his guilt, inasmuch as it was based solely on the victim's testimony, unsupported by other evidence.

Where sufficiency of evidence is challenged on review we will neither weigh the evidence nor determine the credibility of witnesses, but rather, will look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt we will not reverse the judgment. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. In the present case Officer Carmona testified Jacox told him she heard the screen door being opened, Jacox testified she heard a crash and tearing noise at the back door which was latched and that the door frame was broken, and State's Exhibit 3 shows the back door's frame broken. This constitutes sufficient evidence for the jury to have found beyond a reasonable doubt that Appellant broke and entered Jacox's house. Appellant's only other allegation is an attack on the victim's credibility. On review we will not judge the credibility of the witness. *Id.*

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.