**Thomas S. BRYCE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A04–8903–CR–86.**

Court of Appeals of Indiana, Fourth District.

Oct. 30, 1989.

David R. Hennessy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Presiding Judge.

### Statement of the Case

Defendant, Thomas Bryce, appeals the revocation of his suspended sentence for possession of marijuana, a Class A misdemeanor. We affirm.

### Issues

I. Whether Bryce was denied due process because either he did not receive, or the record does not reflect that he received, written notice of his probation violation.

II. Whether the trial court erred in admitting State's Exhibits one, a compilation of test results, and two, a report of test results, under the business record exception to the hearsay rule.

III. Whether the trial court erred in revoking Bryce's probation because of insufficient evidence.

### Facts

On September 10, 1986, Bryce was charged with possession of cocaine, a Class D felony, and possession of marijuana, a Class A misdemeanor. On October 27, 1987, Bryce pleaded guilty to the latter offense; his sentence included a 365 day suspended sentence, one year of probation, alcohol and drug treatment, and a seven dollar fine.

The written probation order, in part, contained the following conditions:

> You are not to commit another criminal offense. You are to participate in an alcohol, drug treatment, or education program ...

The written order containing the conditions of probation was stamped with Judge Cordingley's signature stamp beside the date "10–27, 1987." Bryce's signature was below the judge's.

A violation of probation hearing was held September 23, 1988. The record does not reflect whether Bryce received written notice of the probation violation.

Bryce's probation officer, Tina Cordova, informed the court that Bryce was in violation of a condition of probation "by being unsuccessfully terminated from drug treatment." The specific reason defendant was unsuccessfully terminated was that his urine tested positive for cocaine on April 5, 1988. At the conclusion of the hearing, the judge revoked Bryce's probation and sentenced him to 365 days in jail.

On December 30, 1988, Bryce's amended belated motion to correct error was denied.

### Discussion and Decision

#### I

■ Bryce first contends that he did not receive due process of law, as guaranteed by the Fourteenth Amendment of the United States Constitution, because the record does not contain a written notice of his probation violation. Bryce correctly stated that the record does not reflect that a written notice was provided to Bryce; no evidence was presented to show that Bryce did or did not receive written notice. Bryce was also correct to point out that *Black v. Romano* (1985), 471 U.S. 606, 105 S.Ct. 2254, 85 L.E.2d 636, holds that a "probationer is entitled to written notice of the claimed violations of his probation." *supra*, 105 S.Ct. at 2258.

■ Constitutional errors are not necessarily fundamental errors and therefore may be waived if not properly preserved for appeal. Fundamental error is error such that, if not rectified, would be a denial of fundamental due process. *Foster v. State* (1985), Ind., 484 N.E.2d 965, 967.

The record reflects that Bryce appeared with counsel at the probation violation hearing; thus, it is apparent that he received actual notice of the hearing. Therefore, even though he may not have received written notice, he was not denied fundamental due process. Bryce did not object to the alleged lack of written notice at the hearing; the first time Bryce complained of the lack of written notice was in his belated motion to correct error. He, therefore, failed to preserve this issue for appeal, and it is waived. Ind. Rules of Trial Procedure, Trial Rule 59(D)(1); *Boles v. State* (1975), 163 Ind.App. 196, 322 N.E.2d 722, 725.

## II

Bryce next contends that State's exhibits one and two should not have been admitted at his probation violation hearing over his objections. He argues that the exhibits are hearsay, and, if the business records exception to hearsay applies, a proper foundation was not established to admit the exhibits. Bryce made timely objections to both exhibits; however, he failed to provide a basis for his objection to exhibit two. It appears that defense counsel was interrupted while attempting to provide a basis for the objection, but because he neither completed his objection nor can we, by speculation, complete his objection now, it is waived. *Boles*, 322 N.E.2d at 725.

State's exhibit one is a photocopy of a document retrieved from a microfiche system and consists of a "compilation of all the testing results up to a copy of the final report." The test results showed the presence of illicit drugs in Bryce's urine on two separate occasions. State's exhibit two consists of photocopies of the results of testing on April 6, 1989 and July 9, 1989.

The supervisor of the Department of Toxicology, Christie Zurface, testified regarding State's exhibit one. When asked whether she was the person who actually tested Bryce's urine, Ms. Zurface answered, "No, I am the supervisor of the department and I sign off on the results and review the results of those tests that my technicians have performed." She also stated that she "reviewed" the report produced on Bryce's urine testing and that it was "in order." She then identified a copy of the report, State's exhibit number one, noting that the original was sent to Fall Creek Counseling. When asked, Ms. Zurface testified that she was not the custodian of this record.

As offered, State's exhibit one is hearsay: it was a written out-of-court statement offered to prove the truth of the matter asserted therein. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, 484. However, it might have been admissible under the business records exception to hearsay had a proper foundation been laid.

*Smith v. State* (1983), Ind., 455 N.E.2d 606, explains the requirements for a business records foundation:

1) The records offered must have been the original entries;

2) They must have been made in the regular course of business at or near the time of the event recorded;

3) The facts must have been within the first hand knowledge of someone whose business duty it was to observe and report the facts; and

4) The witness who had knowledge of the facts must be unavailable. (citing *Wells v. State* (1970), 254 Ind. 608, 261 N.E.2d 865.)

*Id.*, at 607.

The record reveals that Ms. Zurface did not create the business record (exhibit one) nor was she the keeper of the records. Also, at trial the State did not discuss whether the keeper of the records was unavailable for trial. However, in its appellate brief, the State argues that the person "who had personal knowledge of the facts was unavailable at trial" because "there is nothing in the exhibits or in the testimony to indicate which technician performed the urine screen." The State then cites *Lyons v. State* (1987), Ind., 506 N.E.2d 813 to support its position that "identification of the person who has personal knowledge of the facts is unnecessary." In *Lyons*, the business record sponsor was a witness "who testified he was the keeper of the records ..." *Id.*, at 816. Here, the keeper of the records was not Ms. Zurface, and thus *Lyons* is inapposite. We find that the State did not lay a proper foundation to admit exhibit one under the business records exception to hearsay; the trial court should not have admitted it into evidence over Bryce's objection.

Similar problems exist for exhibit two: When Ms. Zurface was asked whether she produced the report, she responded that "our laboratory produced the report." It was not shown at trial that Ms. Zurface personally produced this document, and there was no evidence that she was the keeper of the records. However, when

Bryce failed to properly object to admission of exhibit two into evidence, he waived the issue for appeal. *Boles,* 322 N.E.2d at 725.

### III

■ Bryce contends that the trial court erred by revoking his probation. He argues that the urine drug testing was not formally stated on the record at the hearing, that this condition of probation was penal in nature, and that the evidence supporting probation revocation was insufficient.

■ At the hearing, Bryce failed to timely object to the probation revocation on the basis that the urine drug testing was not formally stated as a condition of probation; therefore, this issue is waived. *Boles,* at 725. Even if it were not waived, Bryce's argument is without merit. The record reflects that Bryce's attorney stated the conditions of a plea agreement at the hearing, to which it seems the trial court was referring when it pronounced the sentence three pages later:

> Plead to the A misdemeanor under 30 marijuana, 365 days suspended, one year probation with alcohol and drug evaluation and if there is any recommendation as to treatment then he has to do so.

The trial court stated the sentence:

> ... 365 days suspended. Probation one year, probation fee. Alcohol and drug treatment. The other charge is dismissed.

Bryce's argument seems to be that because the trial court did not preface this order with "as a condition of probation ...," Bryce cannot be held to follow it as a condition of probation. We disagree. It is clear, taken in context, that alcohol and drug treatment was a condition of probation.

Bryce admits that the *written* conditions of probation include drug treatment, but still contends that successful completion of drug treatment or negative urine drug tests were not requirements of probation.

Bryce argues that because the trial court did not order urine drug tests, such tests cannot be used to revoke his probation. Instead, Bryce argues, he had only to "participate" in drug treatment, not successfully complete it.

■ Bryce's argument fails. The trial court is not required to specify the particulars of a drug treatment program; it need only order the treatment. A judge is not an authority on drug rehabilitation, and therefore, a judge need not specify every aspect of treatment—or *any* aspect, for that matter. It is implicit that whoever runs the drug treatment program will make such decisions and that the defendant ordered to participate will participate successfully, unless the order of probation is amended.

■ Bryce next notes that even though he signed the written probation sheet, he did not date his signature, and thus the State did not show that he received the written version "at the time of sentencing," as required in *Disney v. State* (1982), Ind. App., 441 N.E.2d 489, 493. The record reflects that the judge signed the written conditions of probation order and that the date beside his signature stamp was "10–27, 1987," the same day the guilty plea hearing was held and defendant was sentenced. We find that the date by the judge's signature is adequate to show that the defendant received the written conditions of probation order on that date.

■ Bryce next argues that the trial court erred by revoking his probation because the urine drug test was penal in nature and was not stated in the plea agreement. However, Bryce failed to raise an objection on this basis at the hearing; therefore, this issue is waived for appeal. *Boles,* 322 N.E.2d at 725. Even if Bryce had preserved this issue, his argument is without merit. We find that a urine drug test is not penal in nature, and that such testing is a reasonable requirement of any reputable drug treatment program.[1]

---

1. The White House, *NATIONAL DRUG CONTROL STRATEGY* (1989). Lehrer and Gold, *Laboratory Diagnosis of Cocaine: Intoxication and Withdrawal,* in *COCAINE: PHARMACOLOGY, ADDICTION, AND THERAPY.* (B. Stimmel ed. 1987).

Bryce did not specifically raise an objection based on insufficiency of the evidence at trial, nor did he specifically include the argument in his motion to correct errors. However, "the burden of proof in probation revocation proceedings is upon the State to prove the violation of a condition of probation by a preponderance of the evidence." Ind.Code 35-7-2-2(d); *Jaynes v. State* (1982), Ind.App., 437 N.E.2d 137, 139. Bryce contends in his appellate brief that the evidence was insufficient and that the compilation of Bryce's arguments at trial and in his motion to correct errors raises the question of insufficient evidence to revoke his probation. When reviewing a case for insufficiency, "we determine the sufficiency question here the same as we do any other sufficiency question. We consider only the evidence most favorable to the state, together with all reasonable inferences flowing therefrom...." *Jaynes,* at 140.

Bryce raised doubts regarding the integrity of his urine specimen that tested positive and testified that the specimen was left unattended for sometime. The State presented no evidence that could support a finding that there was an adequate chain of custody to preserve the integrity of the sample. However, at the time the court admitted State's exhibit two into evidence, the defendant failed to state any objection to the results of this urine test based on the wholly inadequate chain of custody of the urine sample. Therefore, Bryce has waived his objection to the admission of the exhibit. *Bedgood v. State* (1985), Ind., 477 N.E.2d 869, 872.

With the results of both urine tests in evidence, there is sufficient evidence to support the revocation of probation. The judgment of the trial court is affirmed.

MILLER, J., concurs.

SHIELDS, P.J., concurs in result with separate opinion.

SHIELDS, Presiding Judge, concurring in result.

I agree that Bryce has waived the issue the majority addresses in Issue I. I also agree the trial court erred in admitting State's Exhibit 1 in evidence over Bryce's hearsay objection and that any error in admitting State's Exhibit 2 is waived. Finally, I agree the trial court did not err when it revoked Bryce's probation.

The trial court complied with IC 35-38-2-1(a) (1988) when it entered its written "Order Setting Conditions of Probation II" at Bryce's sentencing.[1] That order also contains Bryce's acknowledgment that he received a copy of the order and agreed to abide by the stated conditions. Thus, Bryce's argument that the trial court failed to specify the conditions of probation on the record at sentencing is without merit.

Also, there is no merit to Bryce's argument that his probation was erroneously revoked because, contrary to the mandate of IC 35-38-2-2(b), "it cannot be said that [a written statement of the conditions of his probation] was provided [to him] at the time of sentencing because his signature is not dated." Appellant's Brief at 15. That argument is fallacious because the "Order Setting Conditions of Probation II," entered in the record on October 27, 1987 as part of the sentencing order, bears his signature. Bryce necessarily signed the order contemporaneous with his sentencing.

---

1. The order book entry of October 27, 1987 reads:

   And afterwards towit on October 27th, 1987, being the 1987 year Term of said Court before the Honorable A.A. Cordingley Judge thereof, the following further proceedings were had herein towit:

   B1087-5773—Defendant in person and by counsel. Plea of guilty to Count B entered. Court determines plea is voluntary and factual basis exists for it pursuant to IC 35-35-1-3. Court finds defendant guilty as charged in Count B. Possession Of Marijuana under 30 grams. Fine $7.00, and costs $103.00. Defendant sentenced to 365 days in Marion County Jail. 365 days suspended. Probation Order entered as follows: Alcohol Drug treatment. State dismisses Count A.

   Record at 52. This entry is followed by the "Order Setting Conditions of Probation II" in full text. Bryce did not contest the rule of the program and termination for violating an unreasonable rule of the program.

Finally, the evidence supports the trial court's revocation of Bryce's probation. The stated ground for revocation was Bryce "being unsuccessfully terminated from drug treatment [sic]." Record at 107. The evidence is that Bryce's treatment was "closed unsuccessful" by the program in which he was enrolled.[2] Record at 128, State's Exhibit 5, part 1. A reasonable fact finder could conclude that by no longer participating in a drug treatment program, Bryce was violating the condition of probation that he "participate in [a] drug treatment ... program." Record at 53. Until being released from that condition, Bryce was obligated to continue participating in the assigned program.

**2.** Bryce did not contest the reasonableness of his termination by the program in which he was enrolled except to contest the sufficiency of the evidence that he tested positive for cocaine in April, 1988. Specifically, he did not dispute that a positive test was a violation of a disclosed, reasonable rule of the program. The sufficiency of the evidence of the violation is for the fact finder, not this court.