**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 26 2012, 9:01 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RICHARD H. EDWARDS**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D.  JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD H. EDWARDS, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 19A04-1101-CR-26 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE DUBOIS SUPERIOR COURT
The Honorable Mark R. McConnell, Judge
Cause No. 19D01-0803-FD-180

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issues

Richard H. Edwards, pro se, appeals the trial court's revocation of his probation. He raises two issues, which we reorder and restate as whether Edwards received adequate notice of the alleged violations and whether he validly waived his right to representation by counsel. Concluding that he received adequate notice consistent with his right to due process and that he validly waived his right to an attorney, we affirm.

Facts and Procedural History

In July 2008, Edwards pleaded guilty to theft as a Class D felony and was sentenced to one and one-half years in prison, all suspended to probation. Among others, the conditions of his probation included 1) a requirement to serve one hundred and eighty days of "Level 1 Day Reporting"; 2) a requirement to meet with a probation officer on a monthly basis or as directed; and 3) a prohibition from being charged for a criminal offense for which there is probable cause. [Appellant's] Appendix Volume I at 25. Level 1 Day Reporting is "in essence home detention[,] . . . [with an] electronic monitor . . . ." Transcript at 36.

In September 2008, the State filed a petition to revoke Edwards's day reporting. The service of process for this petition expired in October 2008 without service to Edwards. In April 2009, the State filed a petition to revoke Edwards's probation based on his 1) failure to begin his day reporting; 2) failure to meet with probation officers as directed; and 3) October 2008 charges, upon a finding of probable cause, of theft and receiving stolen property, both Class D felonies. In May 2009, the Sheriff filed a return of service for this revocation petition upon leaving a certified copy at Edwards's last

known address.  Subsequently, Edwards filed a petition for a hearing on this revocation petition and the trial court set the matter for a hearing.

On November 9, 2010, Edwards appeared pro se before the trial court for his initial probation revocation hearing.  At this hearing Edwards stated that he did not receive either the petition to revoke his day reporting or the petition to revoke his probation.  The trial court read to Edwards the revocation petition and asked if he understood the three allegations.  Edwards responded in the affirmative.  The trial court then stated:

> COURT: And, Sir, you have a right to have a hearing with regard to this matter.  At that hearing you have the right to confront and cross-examine witnesses against you.  You also have the right to compel witnesses to appear by using the Court's subpoena power.  You have the right to be represented by an attorney and if you can't afford one you could have one appointed for you by the court at no charge.  Do you understand those rights, Sir?
>
> MR. EDWARDS: Yes.
>
> COURT: And, Sir, do you intend to hire a lawyer?
>
> MR. EDWARDS: No, I intend, Judge, to represent myself.
>
> COURT: Okay.

Id. at 4.

On December 21 and 23, 2010, the trial court held an evidentiary hearing regarding revocation of Edwards's probation.  Following the hearing, the trial court found that Edwards violated the terms of his probation, ordered it revoked, and ordered that Edwards serve his previously suspended sentence of one and one-half years in prison.  Edwards now appeals.

## Discussion and Decision

### I. Standard of Review

A probation hearing is civil in nature, and thus the State need only prove the alleged violations by a preponderance of the evidence. Holmes v. State, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). We consider the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of witnesses. Monroe v. State, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). If there is substantial evidence of probative value to support the trial court's ruling, we will affirm. Holmes, 923 N.E.2d at 485. However, we review de novo a trial court's finding that a probationer validly waived his right to counsel. Cooper v. State, 900 N.E.2d 64, 67 (Ind. Ct. App. 2009).

### II. Written Notice of Claimed Violations

Probation is a favor granted by the State and is not a right to which all defendants are entitled. Butler v. State, 951 N.E.2d 255, 259 (Ind. Ct. App. 2011). A probationer facing revocation of his probation is not entitled to the full panoply of rights he enjoyed before his conviction. Id. He is, though, entitled to certain due process protections before his probation may be revoked, including the right to written notice of the claimed violations. Bumbalough v. State, 873 N.E.2d 1099, 1102 (Ind. Ct. App. 2007). The notice must be sufficient to allow the probationer to prepare an adequate defense. Bovie v. State, 760 N.E.2d 1195, 1199 (Ind. Ct. App. 2002).

Edwards complains that he did not receive written notice of his alleged violations prior to the initial hearing, on November 9, 2010, regarding revocation of his probation. But there is no requirement that the probationer be provided with written notice of his alleged violations before the initial hearing. An initial hearing allows the State, the

4

probationer, and the trial court to ensure that there is a common understanding of the allegations, the process, and the plan to proceed. The trial court ensures that the probationer understands the allegations and has an opportunity to seek private or public counsel, and the State learns, to some extent, the probationer's intent to admit or challenge his revocation. The trial court schedules an evidentiary hearing and all leave the initial hearing with sufficient understanding to prepare for the evidentiary hearing, at least insofar as required by due process. Although Indiana cases have repeatedly explained that a probationer is entitled to written notice of the allegations against him, none of these cases require written notice prior to an initial hearing. Rather, adequate notice is required before the evidentiary hearing.

Our ruling in Mathews v. State, 907 N.E.2d 1079 (Ind. Ct. App. 2009), demonstrates the significance of the initial hearing in the context of due process. In Mathews, we concluded that a probationer's right to due process was not violated when she did not attend the evidentiary hearing because she appeared at the initial hearing, during which the evidentiary hearing was scheduled.

We addressed the adequacy of notice in Bovie, 760 N.E.2d at 1199 & n.3, in which the trial court held an evidentiary hearing, found that the probationer resisted law enforcement and possessed drug paraphernalia, and revoked probation. We reversed this revocation because the probationer was not notified of the possession allegation until the evidentiary hearing. Indeed, the detective conceded on cross-examination that the possession charge could not have arisen out of his own report. We concluded that "[i]t is error for a probation revocation to be based upon a violation for which the defendant did not receive notice." Id. at 1299. This conclusion does not require notice before an initial

hearing, only before the critical evidentiary hearing following which the trial court decides whether to revoke probation.

Our supreme court's opinion in Braxton v. State, 651 N.E.2d 268 (Ind. 1995), provides guidance on the need for the notice to be written. In Braxton, the probationer claimed she did not receive adequate written notice that the State sought revocation of her probation. Our supreme court disagreed upon reviewing the trial court's actions at the initial hearing, in which the trial court "made it plain to Braxton and her lawyer that the reimposition of the suspended 13 year sentence was at stake"; and the prosecutor explicitly argued for revocation and the defense attorney "argued explicitly and strenuously" that the trial court not reimpose the same. Id. at 270. This makes clear that verbal notice at an initial hearing, especially when combined with evidence of actual notice at the initial hearing, can satisfy the notice requirement of due process prior to revocation of probation. In support of its conclusion in Braxton, our supreme court cited Bryce v. State, 545 N.E.2d 1094 (Ind. Ct. App. 1989), trans. denied, in which we concluded that a probationer's right to due process was not violated because he "apparent[ly] . . . received actual notice," even though he indisputably did not receive written notice. Id. at 1096.

We believe that Edwards's filing his own petition for a hearing regarding his revocation shows that he in fact did receive the certified copy of the revocation petition which the Sheriff left at his last known address. But even if Edwards did not receive written notice of the specific allegations which formed the basis for the petition to revoke his probation, the trial court provided him with verbal and actual notice at the initial hearing, which he requested, and he affirmed his understanding of the allegations. He

6

knew what those allegations were and prepared to cross-examine witnesses at the subsequent evidentiary hearing. We conclude that Edwards received adequate notice of his alleged violations of the conditions of his probation.

### III. Waiver of Right to Counsel

The right to representation by counsel is also guaranteed by due process to those who face revocation of their probation. Butler, 951 N.E.2d at 259. When a defendant proceeds without the benefit of counsel, the record must reflect that he knowingly, intelligently, and voluntarily waived his right to counsel. Id.; see Bell v. State, 695 N.E.2d 997, 999 (Ind. Ct. App. 1998) (acknowledging that invalid waivers of counsel are not subject to a harmless error analysis) (citing Penson v. Ohio, 488 U.S. 75 (1988)). "The record must show that the defendant was made aware of the nature, extent and importance of the right to counsel and to the necessary consequences of waiving such a right." Bumbalough, 873 N.E.2d at 1102 (internal quotation marks and citation omitted).

> There are no magic words a judge must utter to ensure a defendant adequately appreciates the nature of the situation. Rather, determining if a defendant's waiver was "knowing and intelligent" depends on the "particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused."

Kubsch v. State, 866 N.E.2d 726, 736 (Ind. 2007) (alteration in original; citation omitted), cert denied, 553 U.S. 1067 (2008).

At the initial hearing the trial court advised Edwards of his right to an attorney and his right to be appointed one at no charge if he could not afford one. Edwards stated his intention to represent himself. Edwards also demonstrated a grasp for the big picture procedural posture of his case and an understanding of the revocation process. He advised the court that he filed a petition for post-conviction relief and articulated his

understanding that the State had thirty days to respond to that petition. He demonstrated an understanding of the separate and semi-independent nature of these two proceedings which proceeded simultaneously, and requested a separate evidentiary hearing for his post-conviction petition and for his probation revocation. Edwards also declared his intent to subpoena a woman from the Harrison County Probation Department to appear at the probation revocation hearing. The trial court stated that it would set a hearing regarding revocation of Edwards's probation, and told him: "the Court will expect that [Edwards] would comply with all of the Rules of Evidence and that [he] would have to conduct [him]self in that case just as if . . [.] uh . . [.] the Court would treat [him] just as if [he] were represented by counsel." Tr. at 8. Edwards again expressly affirmed his understanding and intent to represent himself. Based on the facts of this case and Edwards's conduct, we conclude that he knowingly, intelligently, and voluntarily waived his right to counsel.

## Conclusion

Edwards received adequate notice of the alleged violations before, or at the latest during, the initial hearing, which preceded the evidentiary hearing regarding revocation of his probation. At the initial hearing he validly waived his right to representation by counsel. These conclusions lead to the ultimate conclusion that Edwards's right to due process was not violated, and we therefore affirm revocation of his probation.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.

8