**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Feb 28 2014, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES A. LYNN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 70A04-1307-CR-317 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE RUSH CIRCUIT COURT
The Honorable David E. Northam, Judge
Cause No. 70C01-1301-FB-23

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

James Lynn ("Lynn") appeals his convictions and sentence for burglary,[1] a Class

B felony, and theft,[2] a Class D felony.

We affirm.

ISSUES

1.  Whether the trial court erred in admitting into evidence a photo array alleged to be unduly suggestive.

2.  Whether sufficient evidence supports Lynn's convictions.

3.  Whether Lynn's sentence is inappropriate under Indiana Appellate Rule 7(B).

FACTS

On December 21, 2012, Rebecca McDonald ("McDonald") came home from work

and saw a white truck that she did not recognize in her driveway. McDonald was talking

to a friend on her cell phone and told her about the truck; the friend said that she would

call 911. McDonald parked next to the truck and blocked its exit from her driveway.

McDonald got out of her vehicle and saw Lynn bringing items out of her home and

putting them into the white truck. Lynn saw McDonald in the driveway, and he reached

across the inside of the truck and blew the horn. Another man came out of McDonald's

house and got into the white truck. The white truck fled and rammed McDonald's car in

the process. As the white truck fled, McDonald saw the license plate number of the truck

and reported it to the police.

---

[1] Ind. Code § 35-43-2-1(1)(B)(i).

[2] Ind. Code § 35-43-4-2.

Law enforcement investigated the license plate number and determined that the truck was registered to Paul Rice ("Rice"). Law enforcement also connected Lynn to the truck through photographs from a scrap yard in Delaware County. With this information, police were able to put together photo arrays to show McDonald. McDonald identified Lynn and Rice as the men who burglarized her house.

On January 11, 2013, the State charged Lynn with burglary as a Class B felony and theft, a Class D felony. Prior to trial, Lynn filed a motion to suppress the photo array prepared by police and shown to McDonald in an effort to identify him. Lynn claimed that he was denied due process because the photo array was unduly suggestive. The trial court denied Lynn's motion. Lynn is depicted in photograph number six (6) below:



(App. 100).

On May 7, 2013, the trial court conducted a jury trial. Lynn renewed his objection to the photo array when it was offered into evidence by the State. However, he did not object to McDonald's in-court identification. The jury found Lynn guilty of both counts and the trial court set the matter for sentencing. The trial court held a sentencing hearing on June 6, 2013 and sentenced Lynn to twenty (20) years executed on the burglary conviction and three (3) years executed on the theft conviction. The trial court ordered all of the executed time served in the Department of Correction with the counts running concurrently.

DECISION

Lynn argues that: (1) the trial court erred by admitting an unduly suggestive photo array; (2) that insufficient evidence supports his convictions; and (3) that his sentence is inappropriate and should be revised pursuant to Indiana Appellate Rule 7(B). We address each claim separately.

1. Unduly Suggestive Photo Array

Lynn claims that the trial court erred in admitting the photo array into evidence. Specifically, Lynn claims that the other images in the photo array were so different from his that he stood out as the likely suspect.

Due process of law requires suppression of testimony concerning an out-of-court identification when the procedure employed was unnecessarily suggestive. *James v. State*, 613 N.E.2d 15, 27 (Ind. 1993). However, if, under the totality of the circumstances, an identification is reliable, a trial court may admit it even though the procedure may have been suggestive. *Lyons v. State*, 506 N.E.2d 813, 815 (Ind. 1987).

4

In evaluating the suggestiveness of an out-of-court identification procedure, we look to: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, and (4) the level of certainty demonstrated by the witness. *Id.*

In creating a photo array, law enforcement officers are not required to "'perform the improbable if not impossible task of finding four or five other people who are virtual twins to the defendant.'" *Farrell v. State*, 622 N.E.2d 488, 494 (Ind. 1993) (quoting *Pierce v. State*, 369 N.E.2d 617, 620 (Ind. 1977)). A photo array will be acceptable if the defendant "'does not stand out so strikingly in his characteristics that he virtually is alone with respect to identifying features.'" *Id.*

Reviewing the photo array in the record, we cannot say that Lynn's photograph stands out from the other photographs included. While two of the photographs in the array depict suspects with a good amount of hair, the remaining three appear to have bald or balding hair similar enough to Lynn as to not seem overly suggestive.

Even if the photo array was suggestive, the totality of the circumstances would still allow for its admission. McDonald stood in her driveway about four (4) feet from the truck and saw Lynn and Rice taking things out of her house. Lynn and Rice rammed her vehicle as they drove away. McDonald was also able to get a license plate number for the truck. Finally, McDonald saw another photo array in which she recognized no one before seeing the array with Lynn. This would seem to suggest that McDonald was confident in her recollection of Lynn from the encounter. Given the totality of the

circumstances, McDonald's identification is reliable, and the court did not err in admitting the photo array.

2. Sufficient Evidence

Lynn also claims that his convictions are not supported by sufficient evidence.

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted).

Here, Lynn's argument focuses on his presumption that the photo array was unduly suggestive and a suggestion that the investigation by law enforcement was insufficient. However, we have already determined that the photo array was not unduly suggestive. Further, Lynn concedes that McDonald positively identified him during the trial, but claims the identification "was likely colored by her desire to see someone punished for the burglary[.]" (Lynn's Brief, 13). Lynn's remaining arguments focus on the police's failure to do things, such as search his house for any of McDonald's items and failing to interview a man Lynn named during his investigation. We see Lynn's arguments as a request to reweigh the evidence heard by the jury. We decline to do so.

6

*See Drane*, 867 N.E.2d at 146-47. The evidence summarized in the FACTS section combined with McDonald's in-court identification provided the jury with sufficient evidence to find Lynn guilty beyond a reasonable doubt.

3. Inappropriate Sentence

Finally, Lynn claims that his sentence is inappropriate under Indiana Appellate Rule 7(B). Lynn gives us no suggestion as to what his sentence should be. He only states that his sentence is not in line with the nature of the offense and his character.

Rule 7(B) of the Indiana Rules of Appellate Procedure gives this Court the power to revise an inappropriate sentence in light of the nature of the offense and character of the offender, giving due consideration to the trial court's decision. The defendant must persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Under Rule 7(B), we seek "to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

In determining whether a sentence is inappropriate, we first look to the advisory sentence provided by the statute. *Childress*, 848 N.E.2d at 1081. The sentencing range for Class B felony burglary is between six (6) and twenty (20) years, with an advisory sentence of ten (10) years. I.C. § 35-50-2-5. The sentencing range for Class D felony

7

theft is between six (6) months and three (3) years, with an advisory sentence of one and one half (1½) years.

As to the nature of the offense and Lynn's character, the evidence shows that Lynn broke into McDonald's house with Rice and stole several items. When caught by McDonald, he and his accomplice did not abandon their crime. Rather, they finished loading McDonald's items into the truck while she watched and fled, striking McDonald's vehicle in the process. Lynn's nine year criminal history is extensive. He has misdemeanor convictions for battery, disorderly conduct, conversion, and check deception. Lynn also has felony convictions for obtaining or attempting to obtain a legend drug by fraud, two separate theft convictions, and possession of a narcotic drug. Given the potential harm Lynn could have caused in fleeing, the actual damage inflicted on McDonald vehicle, and his extensive criminal history, neither the nature of the offense nor Lynn's character persuades us to revise his sentence.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.