Jeffrey L. SHUMAKER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–881 A 209.

Court of Appeals of Indiana,
Third District.

Feb. 25, 1982.

Rehearing Denied May 5, 1982.

Richard J. Thonert, Romero & Thonert, Auburn, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Jeffrey Shumaker appeals the revocation of his probation. Issues raised in this appeal are:

(1) whether the trial court erred in admitting into evidence statements made by Shumaker admitting certain allegations absent independent evidence of the factual basis for the allegations;

(2) whether there is sufficient evidence to sustain the revocation of probation; and

(3) whether the condition of probation relating to "good behavior" is void as being vague and unreasonable.

On August 20, 1980 Jeffrey Shumaker was found guilty of dealing in a Schedule II controlled substance. Shumaker was sentenced to a term of six years, which sentence was suspended with the exception of time previously served plus weekends for a period of one year. The State, on April 10, 1981, filed a petition to revoke probation alleging that Shumaker violated the conditions of his probation by: 1) failing to remain on good behavior, 2) using marijuana while on probation, and 3) associating with a person of bad character or reputation. Attached to this petition were: 1) a probable cause affidavit requesting that Shumaker be arrested for the crime of theft, 2) a voluntary statement made by Shumaker to his probation officer implicating Shumaker in the theft, 3) an information and affidavit charging Shumaker with theft, 4) a second affidavit of probable cause requesting a warrant for the arrest of Shumaker for burglary and theft, 5) a second voluntary statement made by Shumaker in the burglary and theft, 6) a court order issuing a warrant for the arrest of Shumaker on burglary and theft charges, and 7) an information and probable cause affidavit charging Shumaker with robbery.

After a hearing the trial court found that Shumaker had violated the conditions of his probation by failing to remain on good behavior and in possessing or using marijuana. The court revoked Shumaker's probation and ordered him to serve the full six-year sentence.

Shumaker initially argues that his statements to the probation officer describing various crimes were erroneously admitted.

Shumaker contends that before such statements are admissible the State must establish a corpus delecti.

■ While it is true that a person on probation is entitled to certain due process rights in a revocation hearing, *Morrissey v. Brewer* (1972) 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, it must be remembered that a revocation hearing is in the nature of a civil action. The trial court, after a hearing, need only find by a preponderance of the evidence that a probation violation occurred in order to justify the revocation. IC 1971, 35–7–2–2(d) (1980 Burns Supp.); *Monroe v. State* (1981), Ind.App., 419 N.E.2d 831. The State need not show that a defendant was convicted of a crime in order for the trial court to revoke a probation. Although an arrest standing alone does not necessarily support a revocation of probation, where there is evidence submitted at the hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that a defendant violated a criminal law, revocation of probation is permitted. *Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250. In fact, it has been ruled that a suspended sentence may be revoked when a petition for revocation contains an allegation that a defendant had committed another crime and that charges were pending. *Davis v. State* (1971), 256 Ind. 58, 267 N.E.2d 63.

■ The petition to revoke probation in the instant case contained many documents indicating that warrants had been issued for Shumaker's arrest. The statements to which Shumaker objected were relied upon to establish probable cause for Shumaker's arrest. Since a trial court need only find that an arrest is reasonable and that there is probable cause for belief that a defendant violated a criminal law, Shumaker's statements were admissible absent a corpus delecti.

■ Shumaker next contends that because the State failed to produce any witnesses who had personal knowledge of the facts alleged in the petition to revoke, it

failed to sustain its burden of proof. As noted previously, the State need only establish by a preponderance of the evidence that a probation violation occurred. Since this Court has ruled Shumaker's prior statements admissible, those statements alone are sufficient evidence inasmuch as they demonstrate that Shumaker was involved in criminal activity.

■ Finally, Shumaker, citing *Dulin v. State* (1976), 169 Ind.App. 211, 346 N.E.2d 746, asserts that the condition that he remain on "good behavior" is void for vagueness. The actual condition set by the trial court in *Dulin*, however, was not one for "good behavior" but rather:

" '9. Defendant is to conduct himself in such a manner that no one has any occasion to question whether or not he has violated the law. That means that if anyone has sufficient grounds to think that he should be arrested or charged, that may be a violation of the terms and conditions of probation, and so much as a traffic ticket could be enough to revoke the probation. This goes not so much to the act, but to the mental attitude of respect for the law and ability to abide by the law.' " 169 Ind.App. at 213, 346 N.E.2d at 747–748.

Contrary to Shumaker's assertion, "good behavior" is always a condition of probation.

"Summarized, these statutes [IC 1971, 35–7–2–1 and 35–7–2–2 (Burns 1979 Repl.)] authorize the suspension of a sentence, and a defendant may be placed on probation subject to the condition of 'good behavior.' The trial court may, in its discretion, impose other conditions. The trial court is authorized to revoke probation in two (2) circumstances:

1. When the defendant has violated the terms of his probation; or

2. When the defendant has been found guilty of committing another offense.

'Good behavior' or lawful conduct is a 'term' or condition of a defendant's probation and violation of this term may result in the revocation of probation. It is not necessary that a criminal conviction precede revocation of probation for unlawful conduct; it is only necessary that the trial judge, after a hearing, finds such unlawful conduct to have occurred. If a conviction has preceded the revocation hearing, that conviction is prima facie evidence and will alone support the revocation of probation. To the extent that *Gash* [*State ex rel. Gash v. Morgan Superior Court* (1972), 258 Ind. 485, 283 N.E.2d 349] and subsequent cases may be interpreted to the contrary, they are, to that extent, modified or overruled." *Hoffa v. State, supra,* 267 Ind. at 135, 368 N.E.2d at 252.

The term "good behavior" is not void for vagueness.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.