**Keith R. SMITH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 20A03–8608–CR–238.

Court of Appeals of Indiana, Third District.

Feb. 26, 1987.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Keith R. Smith challenges the trial court's decision to revoke his probation based upon his confession to the commission of a crime subsequent to his conviction for child molesting.

The facts relevant to this appeal disclose that Smith was convicted of child molesting in March 1983. The entire five-year term of imprisonment was suspended and Smith was placed on probation. In January 1986 Smith was questioned by police regarding another child molesting incident. Smith confessed to the incident after he was properly advised of his rights. Smith was arrested for the child molesting incident to which he confessed. At the probation revocation hearing, Smith's confession was the only evidence presented regarding the subsequent crime. The trial court revoked Smith's probation and imposed the balance of the five-year sentence.

On appeal Smith argues that the confession, absent any corroborating evidence, was insufficient evidence on which to base the revocation of his probation. This issue has been previously addressed in *Shumaker v. State* (1982), Ind.App., 431 N.E.2d 862. In *Shumaker* this Court noted,

"While it is true that a person on probation is entitled to certain due process

rights in a revocation hearing, *Morrissey v. Brewer* (1972) 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, it must be remembered that a revocation hearing is in the nature of a civil action. The trial court, after a hearing, need only find by a preponderance of the evidence that a probation violation occurred in order to justify the revocation. IC 1971, 35–7–2–2(d) (1980 Burns Supp.); *Monroe v. State* (1981), Ind.App., 419 N.E.2d 831. The State need not show that a defendant was convicted of a crime in order for the trial court to revoke a probation. Although an arrest standing alone does not necessarily support a revocation of probation, where there is evidence submitted at the hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that a defendant violated a criminal law, revocation of probation is permitted. *Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250.

    \*    \*    \*    \*    \*    \*

Since a trial court need only find that an arrest is reasonable and that there is probable cause for belief that a defendant violated a criminal law, Shumaker's statements were admissible absent a corpus delecti." 431 N.E.2d at 863.

*See, also, Boyd v. State* (1985), Ind.App., 481 N.E.2d 1124. Smith's confession established probable cause for his arrest and was sufficient evidence to support the revocation of his probation.

The trial court's judgment revoking Smith's probation is affirmed.

Affirmed.

GARRARD, P.J., and STATON, J., concur.