## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 18 2015, 9:03 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Gregory L. Fumarolo<br>Fort Wayne, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Brian Reitz<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua E. Cain,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff.* | March 18, 2015<br><br>Court of Appeals Case No.<br>02A03-1407-CR-260<br><br>Appeal from the Allen Superior Court.<br>The Honorable Samuel R. Keirns, Magistrate.<br>Cause No. 02D04-0911-FA-70 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1]    Joshua E. Cain appeals from the trial court's order revoking his suspended sentence and ordering him to serve five years in the Department of Correction, contending that the trial court abused its discretion by revoking his suspended

sentence based solely upon his admission to the probation violations.  We affirm.

## Issue

Whether Cain's statements to his probation officer admitting the probation violation can be the sole basis supporting the revocation of his probation.

## Facts and Procedural History

On March 11, 2010, Cain pleaded guilty to child molesting as a Class B felony and child solicitation as a Class D felony.  Pursuant to the terms of the plea agreement, Cain was sentenced to an aggregate term of fifteen years, with ten years executed in the Department of Correction and five years suspended to probation.  After completing the executed portion of his sentence, Cain began the probationary term of his sentence on November 18, 2013.  The terms of Cain's probation included the following condition:

> 9.  You shall have no contact with any child under the age of eighteen (18).  Contact includes face-to-face, telephone, written, electronic, or indirect contact via third parties.

Appellant's App. at 63.  In addition, Cain was required to undergo polygraph testing in his certified sexual perpetrator treatment program.  Cain signed and dated the conditions of his probation.

However, during the probation period of his sentence, Cain met a girl, B.S., who was fifteen years old, while the two were riding on a bus.  On three to five occasions from December 2013 to January 2014, while riding the bus, Cain

fondled the girl. More specifically, Cain kissed B.S., touched her breasts, kissed her breasts, and placed his finger in her vagina.

[5] During every probation appointment, Cain's probation officer, Ryan Koch, asked Cain whether he had any contact with minors. Cain denied having any contact each time he was asked. However, on May 12, 2014, during a polygraph examination, Cain made statements about his contact with B.S. That evening, Cain contacted Koch and stated that he needed to schedule an appointment sooner than the one previously scheduled. Koch scheduled an appointment with Cain for the following morning.

[6] At the appointment, Cain entered Koch's office and immediately started crying. Cain said, "Ryan, I need your help. I f*cked up," and "I am attracted to young girls and I really need help." Tr. p. 24. Cain then admitted that he had fondled B.S. three to five times while the two were riding on the bus. Koch explained to Cain that this constituted a violation of Cain's probation. Koch contacted John Zaglemeier, the person who had administered the polygraph examination to Cain. Zaglemeier confirmed that Cain's statements to Koch were consistent with the statements Cain had made during the polygraph examination.

[7] The State filed a petition to revoke Cain's probation. Cain contested the revocation, claiming that his admission to Koch was inadmissible because the State had failed to prove a *corpus delicti*. The State argued that the *corpus delicti* rule was inapplicable to probationary proceedings. The trial court agreed with the State, held that the *corpus delicti* rule was inapplicable to probation

revocation proceedings, revoked Cain's probation, and ordered him to serve five years in the Department of Correction. Cain now appeals.

# Discussion and Decision

[8] Cain contends that the trial court erred by admitting his statements to Koch into evidence because he claims they would only have been admissible if the State had first established a *corpus delicti*. Resolution of this issue turns on settling divergent interpretations of the holding in *Shumaker v. State*, 431 N.E.2d 862 (Ind. Ct. App. 1982). The State contends that *Shumaker* holds that a probationer's admissions alone are sufficient to support a revocation. Cain, on the other hand, contends that *Shumaker* requires other evidence of a violation, such as probable cause affidavits or a court order issuing an arrest warrant for a criminal offense, before a probationer's statements are admissible. For reasons we explain below, we agree with the State and the trial court.

[9] We begin with the premise that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Courts in probation revocation hearings "may consider any relevant evidence bearing some substantial indicia of reliability." *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated. *Prewitt*, 878 N.E.2d at 188. In a sense, all probation requires "strict compliance" because probation is a matter of grace, and once the trial court extends this grace and

sets its terms and conditions, the probationer is expected to comply with them strictly. *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008). "If the probationer fails to do so, then a violation has occurred." *Id.* "But even in the face of a probation violation the trial court may nonetheless exercise its discretion in deciding whether to revoke probation." *Id.* (citing *Clark Cnty. Council v. Donahue*, 873 N.E.2d 1038, 1039 (Ind. 2007) ("The probationary scheme is deliberately designed to give trial judges the flexibility to make quick, case-by-case determinations.")).

[10]    Violation determinations and sanctions are reviewed for abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Prewitt*, 878 N.E.2d at 188. We consider only the evidence most favorable to the judgment without reweighing that evidence or reassessing the credibility of the witnesses. *Woods*, 892 N.E.2d at 639 (citing *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995)). "If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation." *Id.* at 639-40.

[11]    "Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Woods*, 892 N.E.2d at 640. Second, if a violation is found, then the trial court must determine the appropriate sanction for the violation. *Id.* A probation revocation hearing is civil in nature, and the State's burden is to

prove the alleged violations only by a preponderance of the evidence. *Cox*, 706 N.E.2d at 551. Violation of a single term or condition of probation is sufficient to revoke probation. Ind. Code § 35-38-2-3(a)(1) (2012).

[12] Our Supreme Court has previously held that, "precisely because probation revocation procedures are to be flexible, strict rules of evidence do not apply." *Cox*, 706 N.E.2d at 550 (citing *Isaac*, 605 N.E.2d at 148-149). The Supreme Court has codified this conclusion in our evidence rules which provide, in relevant part, that "[t]he rules, other than those with respect to privileges, do not apply in . . . [p]roceedings relating to . . . sentencing, probation, or parole." Ind. Evidence Rule 101(d).

[13] In *Shumaker*, we were presented with the question of whether statements made by the defendant admitting to allegations of a probation violation are admissible absent independent evidence of the factual basis for those allegations. The State's petition to revoke Shumaker's probation was supported by a probable cause affidavit requesting an arrest warrant, a voluntary statement made by Shumaker to his probation officer implicating himself in criminal activity, an information and affidavit charging Shumaker with a crime, a second affidavit of probable cause requesting an arrest warrant for Shumaker for other crimes, a second voluntary statement by Shumaker about criminal activity, a court order issuing an arrest warrant for criminal charges, and another information and probable cause affidavit charging Shumaker with a crime. Shumaker challenged the revocation of his probation contending that his statements were not admissible without the State establishing a *corpus delicti* for the crimes.

[14] We recognized that "the State need not show that a defendant was convicted of a crime in order for the trial court to revoke probation." 431 N.E.2d at 863. "Although an arrest standing alone does not necessarily support a revocation of probation, where there is evidence submitted at the hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that a defendant violated a criminal law, revocation of probation is permitted." *Id.* We stated that "[s]ince a trial court need only find that an arrest is reasonable and that there is probable cause for belief that a defendant violated a criminal law, [a defendant's] statements were admissible absent a corpus delicti." *Id.* In conclusion we stated that "[s]ince this Court has ruled [the defendant's] prior statements admissible, *those statements alone* are sufficient evidence inasmuch as they demonstrate that Shumaker was involved in criminal activity." *Id.* at 864 (emphasis added).

[15] Here, Cain argues that *Shumaker* requires independent supporting evidence, and in his case there were no supporting documents such as an arrest warrant, a charging information, or a probable cause affidavit. He argues his statements were therefore inadmissible. We disagree. As we stated in *Shumaker*, "[t]he statements to which Shumaker objected were relied upon to establish probable cause for Shumaker's arrest." *Id.* at 863. The statements alone were sufficient to support the probation revocation. *Id.* at 864. Cain's statements alone are sufficient to support his probation revocation.

[16] "The purpose for requiring proof of the corpus delicti is to prevent the admission of a defendant's confession to a crime that never occurred." *Cherry v.*

*State*, 971 N.E.2d 726, 730 (Ind. Ct. App. 2012) (citing *Hurt v. State*, 570 N.E.2d 16, 19 (Ind. 1991)), *trans. denied*. Since probation proceedings are civil in nature, and the State need not show that a defendant was convicted of a crime in order for the trial court to revoke the defendant's probation, establishment of the *corpus delicti* is not required or implicated in probation revocation proceedings prior to admission of a defendant's statements.

[17] Additionally, because this is a civil proceeding, even if the Rules of Evidence were applicable, Cain's statements were properly admitted. "An 'admission' is a statement against the interest of a party that is inconsistent with his defense or tends to establish or disprove a material fact." *Commc'ns Workers of America Locals 5800, 5714 v. Beckman*, 540 N.E.2d 117, 128 (Ind. Ct. App. 1989). "Any statement made or attributed to a party which constitutes an admission against his or her interest and tends to establish or disprove a material fact in the case is competent evidence against that party." *Id*. Therefore, Cain's admissions were competent evidence against him in the probation revocation proceeding.

## Conclusion

[18] For the foregoing reasons, we affirm the trial court's decision.

[19] Affirmed.

Mathias, J., and Crone, J., concur.