## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 02 2016, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimberly Galbraith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 2, 2016<br><br>Court of Appeals Case No.<br>36A04-1507-CR-1045<br><br>Appeal from the Jackson Circuit Court<br><br>The Honorable Richard W. Poynter, Judge<br><br>Trial Court Cause Nos.<br>36C01-1304-FD-139<br>36C01-1402-FD-82 |

**Baker, Judge.**

Kimberly Galbraith appeals the trial court's order revoking probation and ordering her to execute the remainder of her sentences in two causes. Finding no error, we affirm.

## Facts

On April 8, 2013, the State charged Galbraith with class D felony theft in Cause Number 36C01-1304-FD-139 (Cause 139). On March 5, 2014, the State added a count of class A misdemeanor criminal conversion. Galbraith pleaded guilty to criminal conversion and the State dismissed the theft charge. On July 17, 2014, the trial court sentenced Galbraith—pursuant to the terms of her plea agreement—to twelve months incarceration, fully suspended to supervised probation.

On February 11, 2014, the State charged Galbraith with class D felony theft, class D felony possession of methamphetamine, and class A misdemeanor possession of paraphernalia in Cause Number 36C01-1402-FD-82 (Cause 82). On July 17, 2014, Galbraith pleaded guilty to class A misdemeanor possession of paraphernalia in exchange for the dismissal of the other two charges. On August 6, 2014, the trial court sentenced Galbraith—pursuant to the terms of her plea agreement—to twelve months incarceration, fully suspended to supervised probation, to be served consecutively to the sentence in Cause 139.

As a condition of probation, Galbraith was required to refrain from use of illegal drugs. On February 2, 2015, the State filed a petition to revoke probation in both causes, alleging that Galbraith had violated probation by

testing positive for methamphetamine. Galbraith admitted to the allegation at an April 6, 2015, factfinding hearing. At that hearing, the trial court ordered Galbraith to submit to weekly drug screens. At the June 26, 2015, sanctions hearing, Galbraith's probation officer testified that six drug screens were administered to Galbraith between April 6 and June 4, 2015, and that Galbraith tested positive for methamphetamine on every single screen. At the conclusion of the hearing, the trial court revoked Galbraith's probation in both cases and ordered her to serve the previously-suspended portion of each sentence. The trial court ordered the sentences to be served consecutively, as originally ordered and as provided for in the plea agreement for Cause 82. Galbraith now appeals.

## Discussion and Decision

[5] Probation is a matter of grace left to trial court discretion rather than a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We review a trial court's probation determinations and sanctions for an abuse of discretion. *Id.* The revocation of probation is in the nature of a civil action rather than a criminal one; thus, the alleged violation need be proved only by a preponderance of the evidence. *Cain v. State*, 30 N.E.3d 728, 732 (Ind. Ct. App. 2015), *trans. denied*. Violation of a single term or condition of probation is sufficient to revoke probation. *Id.* When the procedures for revoking probation have been properly followed—and there is no allegation in this case that they were not—we will uphold the trial court's imposition of the entire previously-

suspended sentence. *Wann v. State*, 997 N.E.2d 1103, 1106 (Ind. Ct. App. 2013).

[6] In this case, Galbraith admitted to violating probation when she tested positive for methamphetamine in January 2015. That evidence, alone, is sufficient to support the revocation. Then, at the sanctions hearing, evidence was presented that she proceeded to test positive for methamphetamine on each of six drug screens. Presumably, had she tested clean between the factfinding and sanctions hearings, the trial court would have been more amenable to showing leniency. Yet she was unable to provide a single clean screen.

[7] Galbraith argues that there are mitigating circumstances to her case that the trial court ignored. But when imposing a sentence in a probation revocation proceeding, trial courts are not required to balance aggravating or mitigating circumstances. *Treece v. State*, 10 N.E.3d 52, 59-60 (Ind. Ct. App. 2014), *trans. denied*. Therefore, this argument is unavailing.

[8] Galbraith admitted to methamphetamine use and tested positive on six consecutive screens. It should be noted that supervised probation was a term to which she agreed as part of her two plea agreements. When offered leniency by the State, Galbraith took advantage and used illegal drugs. We find no error in the trial court's decision to withhold its leniency the second time around.

[9] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.