## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 13 2016, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul S. Freeman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 13, 2016

Court of Appeals Case No.
02A05-1512-CR-2351

Appeal from the Allen Superior Court

The Honorable Wendy Davis, Judge

Trial Court Cause No.
02D04-1410-F6-287

**Baker, Judge.**

[1] Paul Freeman appeals the revocation of his probation, arguing that the evidence is insufficient to support the revocation. Finding the evidence sufficient, we affirm.

## Facts

[2] On November 13, 2014, Freeman pleaded guilty to Level 6 felony theft. As part of his plea agreement, Freeman received a sentence of 1 year and 183 days, fully suspended to probation. Among the terms of Freeman's probation was a requirement that he "behave well and report for supervision as instructed." Appellant's App. p. 25. On August 11, 2015, Freeman failed to report for a scheduled probation appointment. That same day, the State filed a motion to revoke his probation and a warrant was issued for Freeman's arrest.

[3] On September 23, 2015, Detective Steven Espinoza was investigating a possible stolen vehicle. As Detective Espinoza was driving his unmarked police cruiser, he noticed a vehicle that matched the description of the vehicle reported stolen. He turned his police cruiser around and followed the other vehicle. Freeman was a passenger in the other vehicle, which pulled into a parking lot. Detective Espinoza followed the vehicle, but by the time he reached it, Freeman had jumped out and run down the street. Another passenger informed the detective that Freeman had fled because he had an outstanding arrest warrant. Detective Espinoza pursued Freeman and eventually observed him jumping over a retaining wall. The detective ordered Freeman to stop, and Freeman complied. When Freeman was asked why he had fled, Freeman admitted that he had an

outstanding warrant for his arrest. Freeman was placed under arrest and, when searching him incident to arrest, the officers recovered knives and a white powdery substance later determined to be pseudoephedrine.

[4] On October 5, 2015, the probation office filed an amended motion to revoke Freeman's probation, alleging that in addition to failing to report on August 11, Freeman had failed to maintain good behavior by fleeing from the police on September 23. The trial court held the revocation hearing on November 30, 2015. At the hearing, Freeman admitted that he had failed to report on August 11. The trial court also found circumstantial evidence to support the allegation that Freeman had failed to maintain good behavior. Based on these two violations, the trial court revoked Freeman's probation and ordered him to serve the balance of his sentence at the Department of Correction. Freeman now appeals.

## Discussion and Decision

[5] Probation is a matter of grace left to trial court discretion rather than a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The revocation of probation is in the nature of a civil action rather than a criminal one; thus, the alleged violation need be proved only by a preponderance of the evidence. *Cain v. State*, 30 N.E.3d 728, 732 (Ind. Ct. App. 2015), *trans. denied*. Violation of a single term or condition of probation is sufficient to revoke probation. *Id.*

[6]     Freeman's sole argument on appeal is that the evidence is insufficient to support the revocation of probation. It is undisputed that he was required to report to all scheduled probation appointments. He admittedly failed to do so on August 11, 2015. This admission, alone, is sufficient evidence to support the trial court's decision to revoke his probation. *Id.*

[7]     In addition, the trial court found that Freeman violated the term of probation requiring him to maintain good behavior. This Court has held that to show a violation of this probation term, the State need only show by a preponderance of the evidence that unlawful activity has occurred. *Brown v. State*, 458 N.E.2d 245, 249 (Ind. Ct. App. 1983). Freeman argues that because the police cruiser was unmarked and he stopped when directly ordered to do so by the detective, there is insufficient evidence establishing that he knowingly fled from law enforcement. But there is also evidence that he *was* aware that Detective Espinoza was a law enforcement officer—first, another passenger in Freeman's vehicle told the detective that Freeman had fled because he had an outstanding arrest warrant; second, Freeman told the detective the same thing when asked why he had fled. Even if that evidence does not decisively establish that Freeman engaged in unlawful behavior, the State also offered evidence that Freeman possessed over ten grams of pseudoephedrine at the time he was arrested, which constitutes at least a Level 6 felony. Ind. Code § 35-48-4-14.5(b). Therefore, the trial court did not err by finding that the State had proved by a preponderance of the evidence that Freeman had engaged in unlawful activity and, consequently, had failed to maintain good behavior.

The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.