## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 6:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nyelah M. Hayes,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 31, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1799<br><br>Appeal from the<br>Allen Superior Court<br><br>The Honorable<br>Wendy W. Davis, Judge<br>The Honorable<br>Samuel R. Keirns, Magistrate<br><br>Trial Court Cause No.<br>02D04-1704-F6-395 |

**Kirsch, Judge.**

[1] Nyelah M. Hayes ("Hayes") appeals the trial court's revocation of her probation, contending that there was insufficient evidence to support the revocation.

[2] We affirm.

## Facts and Procedural History

[3] In June 2017, Hayes pleaded guilty pursuant to a plea agreement to resisting law enforcement as a Level 6 felony. The trial court sentenced Hayes to two years suspended to probation. Hayes's probation officer, Ashley Feller ("Feller"), informed Hayes about the terms of her probation, and Hayes acknowledged that she had read and understood the terms. *Appellant's App. Vol. II* at 21. As a condition of probation, Hayes was required to "behave well and report for supervision as instructed." *Id.* Additionally, she was required to complete counseling and treatment through the Bowen Center. *Tr.* at 21-22;[1] *Appellant's App. Vol. II* at 21.

[4] In March 2018, the State filed a Verified Petition for Revocation of Probation, alleging that Hayes had committed new criminal offenses.[2] The trial court held a fact-finding hearing on June 29, 2018 which established the following: In December 2017, Hayes was placed at the Harmony House, a temporary

---

[1] The transcript and its table of contents are each labeled as volume 1. Because we cite only to the transcript, for ease of reference, we refer to it as "*Tr.*"

[2] In April 2018, the State filed an Amended Verified Petition for Revocation, alleging essentially the same violation. *Appellant's App. Vol. II* at 15-16.

emergency housing facility managed by the Bowen Center.[3] Deon Dittmar ("Dittmar"), the Bowen Center support housing manager, testified that, while at Harmony House, Hayes had "[l]ots of difficulties due to mental health issues." *Tr.* at 14. Dittmar highlighted two incidents from March 22, 2018. First, Dittmar received a call from Harmony House resident Jennifer Lauderdale ("Lauderdale") requesting to be moved to another location because she was concerned about Hayes's behavior. Dittmar testified that the police were called, but no action was taken. Instead, police instructed Harmony House employees to separate Hayes and Lauderdale and to call if there was another incident. *Id.* at 15. The second and more significant incident occurred later that night when Dittmar received a call from Officer Daniel Rosenberg ("Officer Rosenberg") of the Warsaw Police Department, informing him that the police were at Harmony House, arresting Hayes for battery. *Id.* at 15-16.

[5] Lauderdale testified that she had been sitting in the Harmony House living room, watching television, when Hayes approached and punched Lauderdale repeatedly in the head. *Id.* at 8-9. During the attack, Lauderdale tried to call 911, but Hayes "yanked" the cell phone from her hand. *Id.* at 9. Lauderdale eventually recovered her phone from Hayes and contacted the police. *Id.* at 9-10. First responders transported Lauderdale to the hospital, where she was

---

[3] Hayes took herself to St. Joe Hospital in a psychotic state and was, thereafter, committed to the in-patient unit of the Bowen Center. *Tr.* at 21. The Bowen Center support housing manager, Deon Dittmar, testified at Hayes's probation revocation fact-finding hearing that Bowen "didn't have a place and [Hayes] was homeless at the time. Harmony House is a temporary emergency shelter for clients of ours. So we staffed it, and they thought that would be an appropriate place for [Hayes]." *Id.* at 14.

diagnosed with a sprained shoulder, a deep cut across her right arm, and a headache. *Id*. at 10-12. Because the commission of these acts was a violation of house rules, Hayes's placement at the Harmony House was terminated immediately. *Id*. at 16-17. That same evening, Officer Rosenberg filed an affidavit setting forth his belief that there was probable cause to believe that Hayes had committed the charged offenses. *Appellant's App. Vol. II* at 22-27.

[6] Hayes was arrested and charged in Kosciusko County with Class B misdemeanor battery and Class C misdemeanor interference with the reporting of a crime. Shortly thereafter, Feller filed a petition for probation revocation, alleging that by committing the new criminal offenses Hayes had failed to "maintain good behavior" as required by the terms and conditions of her supervised probation. *Id*. at 22. During the probation revocation hearing, witnesses testified about the incidents of that evening, and the State introduced the charging information and Officer Rosenberg's probable cause affidavit.

[7] At the close of the fact-finding hearing, the trial court found "by a preponderance of the evidence [that] the defendant violated terms and conditions of probation as contained in the petition." *Tr*. at 32. After revoking Hayes's probation, the trial court ordered Hayes committed to the Indiana Department of Correction for a period of two years with one hundred eighty-one days "jail credit." *Appellant's App. Vol. II* at 28. Hayes now appeals.

# Discussion and Decision

[8] "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Cain v. State*, 30 N.E.3d 728, 731 (Ind. Ct. App. 2015) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)), *trans. denied*. "Courts in probation revocation hearings 'may consider any relevant evidence bearing some substantial indicia of reliability.'" *Id*. (quoting *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999)). "It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated." *Id*. Our court has said that "all probation requires 'strict compliance'" because once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly." *Id*. at 731-32 (quoting *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008)). "If the probationer fails to do so, then a violation has occurred." *Id*. We review a sanction imposed following revocation of probation for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "'An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.'" *Hutchison v. State*, 82 N.E.3d 305, 310 (Ind. Ct. App. 2017) (quoting *Prewitt*, 878 N.E.2d at 188).

[9] Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation occurred. *Heaton*, 984 N.E.2d at 616. Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Id*. Hayes does not appeal the sanction imposed; instead, she claims "that the uncorroborated

testimony of Lauderdale is insufficient to sustain the [trial c]ourt's determination that she violated the terms and conditions of her probation." *Appellant's Br*. at 10. We disagree.

[10] "When reviewing the sufficiency of the evidence to support a probation revocation, we consider only the evidence most favorable to the judgment without reweighing the evidence or judging witnesses' credibility. *Figures v. State*, 920 N.E.2d 267, 272 (Ind. Ct. App. 2010) (citing *Woods*, 892 N.E.2d at 639). "A probation revocation hearing is civil in nature, and the State's burden is to prove the alleged violations by a preponderance of the evidence." *Id.* "One violation of a condition of probation is enough to support a probation revocation." *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). "If the trial court's finding of a violation is supported by substantial evidence of probative value, then we will affirm the revocation of probation." *Id.* When the alleged probation violation is the commission of a new crime, conviction of the new crime is not required. *Id.* The State only needs to establish by a preponderance of the evidence that the person has committed the crime. *Heaton*, 984 N.E.2d at 618.

[11] Here, Hayes was on probation in March 2018. A condition of her probation was that she "behave well." *Appellant's App. Vol. II* at 21. The State alleged that Hayes committed battery against Lauderdale by intentionally touching her "in a rude, insolent or angry manner, resulting in bodily injury," and that she intentionally interfered with Lauderdale's ability to call 911. *Id.* at 17, 18. During the fact-finding hearing, Dittmar testified that Lauderdale called him on

the morning of March 22, 2018, saying that she was concerned about Hayes's behavior and wanted to be separated from her. Police were called, and the two were separated. Later that day, the police called Dittmar to say they were arresting Hayes for the battery of Lauderdale. Lauderdale testified that Hayes approached her and without provocation, hit her repeatedly. *Tr.* at 9. Lauderdale also testified that Hayes took her cell phone during the attack so that she could not call 911. *Id.*

[12] When Lauderdale was able to retrieve the phone, she called the police. First responders took Lauderdale to the hospital, where she was found to have a sprained shoulder, a deep cut across her right arm, and other injuries. The State also introduced into evidence Officer Rosenberg's probable cause affidavit. *State's Ex.* 2. Lauderdale's testimony and Officer Rosenberg's statements in the probable cause affidavit established that Hayes committed the charged offenses and violated the condition of her probation that she behave well. *Heaton*, 984 N.E.2d at 618.

[13] Hayes's contention that Lauderdale's uncorroborated testimony is insufficient to sustain the trial court's finding that she violated her probation ignores the standard of review on appeal and Indiana Supreme Court precedent. It is well-settled that a conviction or probation violation "can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim." *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We conclude that the State presented sufficient evidence of probative value to establish by a preponderance of the evidence that Hayes violated the terms of her probation

by committing a new crime. Accordingly, we affirm the trial court's revocation of Hayes's probation.

[14] Affirmed.

Riley, J., and Robb, J., concur.