# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott Thomas Porta, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 11, 2019 <br><br> Court of Appeals Case No. 19A-CR-1573 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Kathleen A. Sullivan, Judge Pro Tempore <br> The Honorable Natalie Bokota, Magistrate <br><br> Trial Court Cause No. 45G02-1811-F6-1525 |

**Kirsch, Judge.**

[1] Scott Thomas Porta ("Porta") appeals from the trial court's order revoking his probation. He raises one issue for our review: whether the trial court abused its discretion when it revoked his probation and ordered him to serve his previously-suspended sentence.

[2] We affirm.

## Facts and Procedural History

[3] On November 16, 2018, Porta went to the home of Timothy Garcia, entered without permission, and threatened to "beat his ass." *Appellant's App. Vol. II* at 23. On November 20, 2018, the State charged Porta with Level 6 felony residential entry and Level 6 felony intimidation. *Id*. at 10. On January 25, 2019, Porta pleaded guilty to intimidation as a Level 6 felony, and the State agreed to dismiss the residential entry charge. *Id*. at 20-22. The trial court accepted the plea agreement and sentenced Porta to two years, all of which was suspended. *Id*. at 24-25. Porta was placed on formal probation for two years, which included, among other conditions, that he report to the probation department, pay probation user fees, and enroll in and complete a substance abuse program. *Id*. at 24-25, 42-43.

[4] After being sentenced, Porta was released from the Lake County Jail. At that time, it was 4:30 p.m., and the probation department was closed, so Porta did not report to probation at that time. *Tr. Vol. 2* at 7. On the day of his release, it was very cold, and since Porta did not have a driver's license, he had to walk to Schererville. *Id*. at 6. The weather continued to be cold for the rest of the week,

and Porta "couldn't make it back" to the courthouse to report to the probation department to begin his placement on probation. *Id.* After that, Porta "knew [he] was in trouble" so he "just didn't go" to probation. *Id.* at 6, 8.

[5] On February 27, 2019, the State filed a petition to revoke Porta's probation. *Appellant's App. Vol. II* at 34. Specifically, the State alleged that Porta had violated the terms and conditions of his probation in the following three ways: (1) failing to report to begin his probationary term on January 30, 2019 as ordered by the trial court and not contacting the probation department; (2) failing to make any payments toward his probation user fees; and (3) failing to enroll in and complete a substance abuse program. *Id.* A warrant was issued, and Porta was arrested on March 29, 2019. *Id.* at 6. On April 17, 2019, Lake County Community Corrections ("Community Corrections") informed the trial court that Porta was not an appropriate candidate for community corrections placement. *Id.* at 41. Specifically, Community Corrections stated that Porta had previously participated in the work release program and had received multiple rule violations and maintained an outstanding balance of fees. *Id.*

[6] On June 11, 2019, a hearing was held on the petition to revoke Porta's probation. *Tr. Vol. 2* at 2. At the beginning of the hearing, Porta informed the trial court that he was prepared to admit to the allegations contained in the petition. *Id.* at 3. The trial court advised Porta that "[t]he petition to revoke probation that was filed on February 27th in this case alleges that you violated three rules. Essentially, that you never did report to probation on January 30th, or contact them, didn't pay your fees, [and] didn't complete the substance abuse

program." *Id*. at 4. The trial court then asked Porta if he denied any of the allegations, or if he admitted them; Porta stated that he was "admitting them all." *Id*. Porta explained that it was cold out the day that he was released from jail and that it was again cold the next day, and he "couldn't make it back." *Id*. at 6. After that, Porta "knew [he] was in trouble," so he "just didn't go" to the probation department. *Id*. at 6, 8. The trial court granted the petition to revoke probation and revoked Porta's previously-suspended two-year sentence, ordering him to serve the remaining balance after time served, which was 223 days, in the Lake County Jail. *Id*. at 4, 9. Porta now appeals.

# Discussion and Decision

[7] Porta argues that the trial court abused its discretion when it revoked his probation and ordered him to serve his previously-suspended two-year sentence. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Cain v. State*, 30 N.E.3d 728, 731 (Ind. Ct. App. 2015) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)), *trans. denied*. "Courts in probation revocation hearings 'may consider any relevant evidence bearing some substantial indicia of reliability.'" *Id*. (quoting *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999)). "It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated." *Id*. Our court has said that "all probation requires 'strict compliance'" because once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly." *Id*. at 731-32 (quoting *Woods v. State*,

892 N.E.2d 637, 641 (Ind. 2008)). "If the probationer fails to do so, then a violation has occurred." *Id.*

[8] Probation revocation is a two-step process. *Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016). First, the court must make a factual determination that a violation of a condition of probation actually occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* "'However, even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation.'" *Sullivan v. State*, 56 N.E.3d 1157, 1160 (Ind. Ct. App. 2016) (quoting *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012)).

[9] If the trial court determines a probationer has violated a term of probation, then the court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations under an abuse of discretion standard. *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[10]     Here, Porta admitted that he had violated his probation by committing all three of the violations alleged in the State's petition to revoke probation. Therefore, the first step of the analysis was satisfied, and the trial court was able to proceed to the second step, where evidence was presented to determine whether the admitted violations warranted revocation of Porta's probation. *Johnson*, 62 N.E.3d at 1229. At the hearing, Porta testified that it was very cold on the day he was released from jail and was to report to the probation department. *Tr. Vol. 2* at 6. He stated that it was 4:30 p.m. when he was released, and the probation department was closed. *Id*. at 7. The cold temperatures continued for several days, and Porta told the court that he "couldn't make it back." *Id*. at 6. He further stated that, "after that time, [he] knew [he] was in trouble so [he] just didn't go" to the probation department. *Id*. He then continued violating the requirements of his court-ordered probation requirements for two months until his arrest on March 29, 2019. Porta testified that, at the time of the hearing, he had employment waiting for him and would, therefore, have "employment income and transportation as a result." *Id*. After hearing Porta's testimony, the trial court determined that his violations warranted the revocation of his probation.

[11]     In its consideration of what sanction to impose, the trial court advised Porta that "based on your track record," he was not a "good candidate for probation." *Id*. at 8. The trial court had previously received a notification from Community Corrections, which informed the trial court that Porta was not an appropriate candidate for community corrections placement because in his prior

participation in the work release program, he had received multiple rule violations and had maintained an outstanding balance of fees. *Appellant's App. Vol. II* at 41. The trial court then determined that revoking the balance of Porta's previously-suspended sentence was the appropriate sanction for Porta's violations of probation. *Tr. Vol. 2* at 8-9. In its determination of an appropriate sanction, the trial court was sympathetic to Porta's situation but explained that it was required to base its decision on the evidence presented, including Porta's poor record in community corrections placement. *Id*. at 8. We conclude that the trial court did not abuse its discretion when it revoked Porta's probation and ordered him to serve his previously-suspended sentence.

[12] Affirmed.

Baker, J., and Crone, J., concur.