## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 23 2020, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ibn Bahadar Mujaahid, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | October 23, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-406 <br><br> Appeal from the <br> Madison Circuit Court <br><br> The Honorable <br> William Byer, Jr., <br> Judge Pro Tempore <br><br> Trial Court Cause No. <br> 48C01-1811-F5-2896 |

**Kirsch, Judge.**

[1] Ibn Bahadar Mujaahid ("Mujaahid") appeals the trial court's order revoking his probation. Mujaahid raises one issue for our review: whether the trial court abused its discretion when it revoked his probation and ordered him to serve his previously-suspended sentence.

[2] We affirm.

## Facts and Procedural History

[3] On November 16, 2018, the State charged Mujaahid with Count I, attempted trafficking with an inmate as a Level 5 felony, and Count II, conspiracy to commit trafficking with an inmate as a Level 5 felony. *Appellant's App. Vol. II* at 15-17. The State also filed a habitual offender sentence enhancement. *Id.* at 18. On January 29, 2019, Mujaahid pleaded guilty to attempted trafficking with an inmate as a Level 5 felony. *Id.* at 161-63. That same day the trial court entered a judgment of conviction and sentenced Mujaahid to a term of six years in the Department of Correction consecutive to his sentence in another case from Illinois, but it suspended his six-year executed sentence to informal probation. *Id.* at 154-57. Mujaahid's probation conditions included a provision requiring him to "[o]bey all municipal, state, and federal laws, and behave well in society . . . ." *Id.* at 153.

[4] On January 5, 2020, Mujaahid was charged with battery with bodily fluid in the Anderson City Court under Cause No. 48H02-2001-CM-18 ("Cause No. CM-18") as a result of an incident at the apartment of Pamela Palmer ("Palmer"), who is the mother of two of Mujaahid's children. *Id.* at 165; *Tr. Vol. II* at 17,

20; *State's Ex.* 1 at 15. Because of his arrest for battery under Cause No. CM-18, a no contact order was issued on January 6, 2020, which prohibited Mujaahid from contacting Palmer. *Tr. Vol. II* at 11-12; *State's Ex.* 1 at 3, 8. The no contact order specified that it was also "effective even if the defendant has not been released from lawful detention." *State's Ex.* 1 at 8. On January 10, 2020, the State filed a notice of violation of probation alleging that Mujaahid committed the battery offense under Cause No. CM-18 and failed to keep the probation department informed of his address. *Appellant's App. Vol. II* at 165. On January 28, 2020, the State filed an amended notice of violation of probation ("amended notice of violation"), to add that Mujaahid also committed the criminal offense of invasion of privacy. *Id.* at 174.

[5]     On February 3, 2020, the trial court held a hearing on the amended notice of violation. *Id.* at 12. At the outset of the hearing, Mujaahid's counsel stated that Mujaahid would be admitting to the allegation in the amended notice of violation concerning invasion of privacy but would be denying the allegations that he committed the battery offense under Cause No. CM-18 or that he failed to keep the probation department informed of his address. *Tr. Vol. II* at 6-7. The State then proceeded on Mujaahid's admission to committing invasion of privacy and did not pursue the other allegations; however, the State informed the trial court that the battery offense under Cause No. CM-18 was dismissed

from Anderson City Court and was refiled in the Madison Circuit Court under a new cause number.[1]  *Id.* at 8-9; *State's Ex.* 1.

[6]     Mujaahid testified that the basis of his probation violation was that he violated the no contact order by contacting Palmer.  *Tr. Vol. II* at 11-12.  He explained that he spoke with Palmer but was also attempting to communicate with his children.  *Id.* at 12-16.  Palmer testified that Mujaahid did not kick in the door at her apartment or spit on her as she had stated in the probable cause affidavit for the battery offense in Cause No. CM-18.  *Id.* at 18.  Palmer indicated that if she had not called the police and described the event as she did that a no contact order would not have been put in place.  *Id.* at 19.  On cross-examination, Palmer indicated that Mujaahid's spit did get on her and that, during the incident with Mujaahid, her door was damaged.  *Id.* at 19-21.  Palmer stated that the initial reason she called the police was "to get a police report for my door, for my landlord."  *Id.* at 20.  Randy Tracy ("Tracy"), an investigator for the Madison County Prosecutor's Office, testified that he listened to Mujaahid's jail phone calls, stating that "from January sixth, to January thirty-first, there were four (4) hundred and fifty (50) phone calls from Madison County Jail" to Palmer's phone number using either his own pin

---

[1] While not in the record before us on appeal, we take judicial notice of Mujaahid's sentencing order dated March 4, 2020 in the Madison Circuit Court under Cause Number 48C01-2001-F6-259 in which he was convicted pursuant to a plea agreement of domestic battery and invasion of privacy as Class A misdemeanors.  *See* Ind. Evidence Rule 201(d) ("The court may take judicial notice at any stage of the proceeding"); *Banks v. Banks*, 980 N.E.2d 423, 426 (Ind. Ct. App. 2012) (noting that "any stage of the proceeding" includes appeals.), *trans. denied*.

number or another inmate's pin number. *Id.* at 21-22. Tracy indicated that not all of the 450 calls were "connected calls" but that all the calls were made to Palmer's number. *Id.*

[7] The trial court found that Mujaahid admitted to violating his probation by committing invasion of privacy and ordered Mujaahid to execute his previously-suspended six-year sentence in the Department of Correction. *Id.* at 27.[2] In imposing Mujaahid's previously-suspended sentence, the trial court noted that Mujaahid received "a huge break" when he was initially placed on informal probation. *Id.* Mujaahid now appeals.

## Discussion and Decision

[8] Mujaahid argues that the trial court abused its discretion when it revoked his probation and ordered him to serve his previously-suspended six-year sentence. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Cain v. State*, 30 N.E.3d 728, 731 (Ind. Ct. App. 2015) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)), *trans. denied*. "Courts in probation revocation hearings 'may consider any relevant evidence bearing some substantial indicia of reliability.'" *Id.* (quoting *Cox v.*

---

[2] Initially, in revoking Mujaahid's probation, the trial court stated that the no contact order was in place before the battery offense under Cause No. CM-18 occurred. *Tr. Vol. II* at 27. However, the no contact order was issued after the battery occurred. *Id.* at 30-32. After a discussion with the prosecutor and Mujaahid's counsel, the trial court provided a "clarification of the record[,]" explaining that Mujaahid admitted to invasion of privacy as set forth in the amended notice of violation, which was "in conjunction with the telephone communication submitted and the evidence submitted substantiating those telephone communications which the Court does find [Mujaahid] in violation" and reiterated its sanction that Mujaahid serve the balance of his previously-suspended sentence. *Id.* at 33.

*State*, 706 N.E.2d 547, 551 (Ind. 1999)). "It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated." *Id.* Our court has said that "all probation requires 'strict compliance'" because once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly." *Id.* at 731-32 (quoting *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008)). "If the probationer fails to do so, then a violation has occurred." *Id.*

[9]     Probation revocation is a two-step process. *Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016). First, the court must make a factual determination that a violation of a condition of probation actually occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* "'However, even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation.'" *Sullivan v. State*, 56 N.E.3d 1157, 1160 (Ind. Ct. App. 2016) (quoting *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012)).

[10]    One violation of a condition of probation is enough to support a probation revocation. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). If the trial court determines a probationer has violated a term of probation, then the court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original

probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations under an abuse of discretion standard. *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[11] Mujaahid contends that his admission to violating his probation by committing invasion of privacy was "technical in nature." *Appellant's Br.* at 8. He maintains that his violation of the no contact order was technical because Palmer stated at the hearing on the amended notice of violation that no battery occurred, and that the State dismissed[3] the battery under Cause No. CM-18, which was the basis of the no contact order. Therefore, he argues that the trial court abused its discretion in revoking his probation and imposing his previously-suspended sentence. We reject Mujaahid's argument.

[12] Mujaahid admitted that he violated the terms of his probation by committing the new offense of invasion of privacy, and the trial found as such. *Tr. Vol. II* at 11-12, 15-16, 33. Therefore, the first step of the analysis was satisfied, and the trial court was able to proceed to the second step, where evidence was presented

---

[3] As previously noted, the State informed the trial court that the battery offense under Cause No. CM-18 was dismissed from Anderson City Court and was refiled in the Madison Circuit Court under a new cause number. *Tr. Vol. II* at 8-9; *State's Ex.* 1. Cause No. CM-18 was thus dismissed and refiled on January 31, 2020 in the Madison Circuit Court which eventually resulted in Mujaahid's conviction pursuant to a plea agreement of domestic battery and invasion of privacy as Class A misdemeanors under Cause Number 48C01-2001-F6-259.

to determine whether Mujaahid's admission to the violation warranted revocation his probation. *Johnson*, 62 N.E.3d at 1229.

[13] We note that, even in the face of a probation violation, the trial court may nonetheless exercise its discretion in deciding whether to revoke probation. *Woods*, 892 N.E.2d at 641. As part of his probation, Mujaahid was required to "[o]bey all municipal, state, and federal laws, and behave well in society." *Appellant's App. Vol. II* at 153. Mujaahid failed to abide by these conditions as he was charged with battery under Cause No. CM-18, and a no contact order was issued to prevent Mujaahid from contacting Palmer. *Id.* at 179; *Tr. Vol. II* at 11-12; *State's Ex.* 1 at 8-10. As previously noted, Mujaahid admitted that he did not comply with the terms of the no contact order by communicating with Palmer, stating that he called her "a lot of times" and spoke to her on the telephone from jail. *Tr. Vol. II* at 14. In fact, the evidence revealed that Mujaahid called Palmer's phone number 450 times between January 6 and January 31 while the no contact order was in place. *Id.* at 22. This was not simply a technical or minor violation as the State's evidence showed that Mujaahid committed the new criminal offense of invasion of privacy by making the phone calls to Palmer's number in direct violation of the no contact order and the condition of his probation requiring him to obey the law. *See Richeson v. State*, 648 N.E.2d 384, 389 (Ind. Ct. App. 1995) (noting that if the preponderance of evidence supporting an allegation of the commission of a new crime is presented, even without conviction of a new crime, we will affirm the revocation of probation), *trans. denied*. We cannot say that the trial court

abused its discretion in revoking Mujaahid's probation and ordering him to serve the remainder of his previously-suspended sentence.

[14]     Affirmed.

Pyle, J., and Tavitas, J., concur.